ALBERT B. LAMPSEN, an Infant, by his next Friend, *vs.* WILLIAM BRANDER and another.

December 23, 1881.

**Pleading—Construction of Answer in Trover.**—An action of trover against two defendants, who answer jointly. The answer considered, and construed not to contain, as to either of defendants, a denial of the taking of the property, but merely of a *taking from the possession of plaintiff*, and hence no proof of the taking was necessary as against either defendant.

**Notice to Sheriff before Suit.**—No affidavit of title by a claimant of property seized by an officer under process against another party is necessary under Gen. St. 1878, *c.* 66, § 154, where the property was taken from the possession of the claimant, and not of the defendant in the writ.

**New Trial—Newly-discovered Evidence—Discretion of Court.**—The granting or refusing of a new trial on the ground of newly-discovered evidence is—subject to certain legal rules—a matter to a certain extent within the discretion of the trial court; and its action will not be reversed by an appellate court, unless it appear that it violated a clear legal right of the appellant, or that it involved an abuse of judicial discretion.

**Same—Denial in this Case Sustained.**—This case having been once fairly tried on the merits, the evidence introduced on the trial on behalf of the plaintiff being quite full and practically uncontradicted, and the newly-discovered evidence consisting wholly of an alleged admission of plaintiff inconsistent with his claim in this action, *held*, that this court will not interfere with the action of the court below in refusing a new trial.

Appeal by defendants from an order of the municipal court of Minneapolis, refusing a new trial.

*Geo. R. Robinson,* for appellants.

*Chas. G. Parke,* for respondent.

MITCHELL, J. The complaint in this action, brought in the municipal court of the city of Minneapolis, alleges that on or about October 1, 1880, the plaintiff was the owner and in possession, in Hennepin county, Minnesota, of a cane mill, personal property, of the value of $50, and that the defendants, on that day, wrongfully and unlawfully took and carried away said mill from the possession of the plaintiff, and converted the same to their own use, to plaintiff's damage, etc. The defendants answer jointly, and after denying ownership and possession of the mill in the plaintiff, they deny "that they, or either of them, took and carried away said mill from the possession of said Lampsen," and there is no further denial of the taking or conversion. They then allege that the defendant Hills was a constable of Hennepin county, and that, by virtue of a writ of attachment, issued in an action in a justice's court wherein the defendant William Brander was plaintiff and one Nathan Lampsen was defendant, he, (Hills,) as such constable, attached and took into his possession the mill in question, which was then in the possession and the property of Nathan Lampsen; and that, judgment having been afterwards entered for the plaintiff in such action, an execution was issued thereon and delivered to Hills, and he, as such constable, sold the attached property thereon to satisfy such judgment and execution. The case came to trial on these issues before the court, without a jury, and, a decision having been filed for the plaintiff against both defendants, they moved for a new trial on the ground that the decision is not justified by the evidence and is contrary to law, and for newly-discovered evidence, which motion was denied, and the case is brought to this court by appeal from the order denying the same.

The errors assigned by the appellants, necessary to be considered, are as follows:

1. That there was no evidence to connect the defendant Brander with the acts complained of, and that judgment should not, therefore, go against him. It is true that there was no evidence that he was present at the time of, or directed or advised, the taking. So

far as defendant Hills is concerned, there can be no doubt that the justification which admits a taking controls the denial in the former part of the answer;—*McClung* v. *Bergfeld*, 4 Minn. 99 (148;) *Derby* v. *Gallup*, 5 Minn. 85 (119;) *Scott* v. *King*, 7 Minn. 401 (494;)—and we are inclined to the opinion that the effect of the pleading, in the form in which the denials and allegations are made, is to put the other defendant in the same position of relying upon the justification. The answer being joint, all the denials and allegations therein are to be treated as made by both defendants; and the denial that the defendants, or either of them, took the property from the possession of the plaintiff, is to be construed in connection with the allegation that the defendant Hills took it, by virtue of the writ in favor of his codefendant, from the possession of Nathan Lampsen. If the denial be treated as a denial of any taking at all, then the defendants are both in the position of denying what they subsequently allege to be true. On the other hand, if the denial is treated as a denial of possession by the plaintiff at the time of the taking, and not a denial of the fact of taking, then it is consistent with the allegation of a taking by Hills from the possession of the defendant in the writ. It is not necessary to a conversion that the property should be taken from the possession of the plaintiff. It would seem, therefore, that the intention was to put the defence of both defendants upon the same ground, viz., the right to take the property as the property of Nathan Lampsen, by virtue of the writ in the hands of the constable. No evidence, therefore, was necessary to connect Brander with the taking, there being no sufficient denial of it in the answer.

2. The defendants claim that no sufficient affidavit of the claim and title of the plaintiff was served on the defendant Hills to comply with the requirements of Gen. St. 1878, *c.* 66, § 154. It is well settled that no such notice is necessary unless the property, at the time of the seizure by the officer, is in the possession of the defendant in the writ, or his agent, under such circumstances as to create a presumption *prima facie* of ownership in him. The court below finds that the property in question was taken from the possession of the plaintiff, and not from that of the defendant in the writ, and there-

fore no notice was necessary. The defendants' counsel argue that the finding on this point is not supported by the evidence, but an examination of the testimony does not lead to that conclusion.

3. The newly-discovered evidence, as disclosed by the defendants' affidavits, consisted of an oral admission, made by the plaintiff to one Herrick, that the mill belonged to his father, Nathan Lampsen, the defendant in the writ. Newly-discovered evidence, upon certain conditions and under certain restrictions, is a ground for a new trial. But relief thus sought is in derogation of and an exception to the general rule, which requires litigants to submit all their evidence in the first instance. Applications of this kind are regarded jealously, and construed with strictness. 3 Graham & Wat. New Trials, 1020, 1021. Motives of policy suggest good reasons for such a rule. To admit new evidence, after the party who has lost the suit has had an opportunity of discovering the points of his adversary's strength and of his own weakness, tends much to the introduction of perjury ; and, were the rule not strictly enforced, it would tend to protract litigation, to the injury of both the parties and the public. 3 Graham & Wat. New Trials, 1043, 1044; *Moore* v. *Phila. Bank*, 5 S. & R. 41; *Vernon* v. *Hankey*, 2 Term Rep. 113. Such applications are always viewed with disfavor when the newly-discovered evidence consists of alleged oral admissions of the party against whom it is intended to be used. *Guyot* v. *Butts*, 4 Wend. 579; *Town of Middletown* v. *Adams*, 13 Vt. 285. Such evidence is not of the most reliable sort, the language used being liable to be misunderstood or misstated.

Another rule governing such applications is that it is not enough, even if all the other conditions are complied with, that the newly-discovered evidence is material. Courts are not entirely agreed on this statement of the rule on this point. It has been said that the newly-discovered evidence must be such as ought to be decisive and productive, on another trial, of an opposite result on the merits, (Hilliard on New Trials, 375,) and that a new trial will not be granted unless it appears probable that injustice has been done, and that the new evidence is of such a controlling character that it will probably correct the injustice. *Crafts* v. *Union Mut. Fire Ins. Co.*,

36 N. H. 44. Again, that it must be so material that it would probably produce, or would be likely to produce, a different result, (3 Graham & Wat. New Trials, 1043; *Berry* v. *State,* 10 Ga. 511;) or that the question is not whether a jury might be induced to give a different verdict, but whether the legitimate effect of the newly-discovered evidence would be to require a different verdict. *Lessee of Ludlow's Heirs* v. *Park,* 4 Ohio, 5. It is, perhaps, impossible to state an invariable rule on this point, to be applied to all cases. Much must depend upon the nature of the issue, what transpired at the trial, the nature of the evidence proposed, as well as of that submitted. But all the cases concur that it is not enough to entitle a party to a new trial that the new evidence is material, but that the court must take into account its importance, and whether, in connection with the evidence already introduced, it will be likely to affect the result. *Parker* v. *Hardy,* 24 Pick. 246.

It is also well settled that the granting or refusing a new trial on this ground is—subject to certain legal rules—a matter, to a certain extent, within the discretion of the trial court. Having heard the case tried, and seen the witnesses and heard them testify, its means of judging of the propriety of granting a new trial, and as to whether the new evidence will be likely to change the result, are superior to those afforded to the appellate court by a mere statement of the evidence in the record. The inquiry of an appellate court will be, not whether upon the record a new trial apparently might have been properly granted, but whether the refusal of it involved the violation of a clear legal right, or a manifest abuse of judicial discretion. *Dorr* v. *Watson,* 28 Miss. 383; *Ables* v. *Donley,* 8 Tex. 331; *Warren* v. *State,* 1 Greene, (Iowa,) 106; *Bourland* v. *Skimnee,* 11 Ark. 671; *Marsh* v. *Webber,* 13 Minn. 109.

The application of these rules to this case is this: The case has been once fairly tried and decided on the merits; the evidence introduced on the trial, showing ownership of the property in plaintiff, was quite full and practically uncontroverted; the newly-discovered evidence consists wholly of an alleged oral admission of plaintiff; the court before whom the action was tried has denied the motion,

and we see nothing that would warrant us in holding that in so doing he violated any clear legal right of defendant, or committed any abuse of judicial discretion.

It is also contended that the evidence does not sustain the finding of the court as to the value of the property. In view of the evidence as to the first cost of the property and the length of time it had been in use, the value, as found, would seem rather large; but, as two witnesses swore that it was worth the amount found, we cannot disturb the finding.

Order affirmed.