DANIEL G. PECK *vs.* SANFORD S. SMALL.

July 20, 1886.

| | |
|---|---|
| 35 | 465 |
| 39 | 191 |
| 40 | 76 |
| 40 | 77 |
| 35 | 465 |
| 46 | 273 |
| 35 | 465 |
| 84 | 277 |

**Malicious Prosecution—Wealth of Defendant.**—In an action for malicious prosecution, defendant's wealth may be shown to affect punitive damages.

**Same—Influence of Defendant— Opinion.**—A question as to what the "influence" of the defendant is in the community in which the malicious prosecution occurred, is objectionable, as calling for the opinion or conclusion of a witness, rather than for facts.

**New Trial—Newly-Discovered Evidence.**—The rule, subject to rare exceptions in extraordinary cases, is that newly-discovered evidence, tending only to contradict the testimony of a witness upon the trial, is not ground for a new trial.

**Same.**—Neither is newly-discovered evidence not affecting the general result, but only the amount of punitive damages.

This action was brought in the district court for Hennepin county, and was tried before *Koon*, J., with a jury, and plaintiff had a verdict of $500. He moved for a new trial for errors at the trial, for inadequacy of the damages awarded him, and for newly-discovered evidence, and he appeals from an order denying his motion.

*J. M. Quarles*, for appellant.

v.35M—30

*Hart & Brewer*, for respondent.

BERRY, J. 1. Upon the trial of this action, which is for malicious criminal prosecution, the plaintiff, as a witness in his own behalf, was asked by his counsel whether he knew defendant's "financial standing, and his influence," in the community in which the malicious prosecution occurred. The exclusion of the question being assigned as error, the substantial inquiry presented by the appellant here is whether, in an action of this kind, evidence of the wealth and influence of the defendant is admissible to affect the damages. That the wealth of the defendant is provable upon the matter of punitive damages, in an action for a personal tort, is settled in *M'Carthy* v. *Niskern*, 22 Minn. 90, and for this purpose the question propounded to the witness was admissible, if it had been confined to wealth alone. But it includes an inquiry for both wealth and influence, and, if any part of it was improper, the whole question was properly excluded.

The only basis upon which it has been claimed that evidence of the defendant's wealth and influence is admissible, except, as before stated, to affect punitive damages, is that, one ground of compensatory damages in an action of this kind being the injury to the fame and good name of the plaintiff, the wealth and influence of the defendant may be proved to show the *extent and degree* of the injury inflicted, by showing, as we take it, the *capacity* to injure. If such evidence is admissible for this purpose, it must be because it tends to show that the defendant's reputation and general standing in the community are such as to give weight and credit to the prosecution from the fact that *he* has instituted it. Common observation shows that no inference of any such reputation or standing can be drawn from the mere fact of wealth.

As regards the matter of "influence," the question was not only loose and vague as to the nature of influence referred to, but it was radically objectionable, as calling for an opinion or conclusion of the witness, rather than for facts. If the plaintiff wished to show what weight and credit were given to the prosecution by the standing and reputation of defendant, he should have made proof of such standing and reputation as facts, and directly. The question, therefore, went too far, and was properly excluded.

2. As to the refusal to grant a new trial for inadequacy of damages, we need only say that the amount of damages, in actions of this kind, is emphatically for the jury, and, upon perusing the evidence, we see no reason whatever for disturbing their estimate in the premises. The verdict certainly cannot be called perverse. *Whitney* v. *City of Milwaukee,* 27 N. W. Rep. (Wis.) 39.

3. There are several reasons why the application for a new trial on the ground of newly-discovered evidence cannot be held to have been erroneously denied. In the first place, the newly-discovered evidence only tended to contradict the testimony of a witness upon the trial. The rule, subject to rare exceptions in extraordinary cases, is that newly-discovered evidence, having such tendency only, is not ground for a new trial. *Harrington* v. *Bigelow,* 2 Denio, 109; *Mead* v. *Constans,* 5 Minn. 134, (171;) 1 Gra. & W. New Trials, 495 *et seq.;* 3 Gra. & W. New Trials, 1074. In this regard it stands upon the same footing as newly-discovered evidence tending to impeach the character of a witness for veracity, and, in fact, upon the same substantial basis as cumulative evidence. In the second place, it could not affect the general result arrived at in the case, but, at most, only the amount of punitive damages; and for this reason it furnished no ground for a new trial. The amount of such damages is largely discretionary (so to speak) with the jury, and it cannot be said, with any approach to reasonable certainty, (especially in the state of facts presented by this case,) that even such punitive damages would be enhanced by the evidence newly discovered in this instance. *Lampsen* v. *Brander,* 28 Minn. 526, (11 N. W. Rep. 94;) 3 Gra. & W. New Trials, 1103. In the third place, the granting of new trials for newly-discovered evidence is emphatically, and to a very large extent, committed to the discretion of the trial court, and applications for new trials on that ground are looked upon with great jealousy, for the reasons clearly and fully set forth in *Lampsen* v. *Brander, supra.* We are unable to say that there was any abuse of discretion in the case before us.

Order affirmed.