JOHN W. CIRKEL and others *vs.* H. J. G. CROSWELL, impleaded, etc.

January 3, 1887.

**Partnership as to Third Persons.**—Persons not partners *inter se* may render themselves liable as such, as to third persons, by holding themselves out to be partners; and, upon the principle of estoppel, this may be by words spoken or written, or by conduct leading to the belief that they are partners.

**New Trial — Newly-Discovered Evidence.** — *Lampsen* v. *Brander*, 28 Minn. 526; *Peterson* v. *Faust*, 30 Minn. 22; *Eldridge* v. *Minn. & St. L. Ry. Co.*, 32 Minn. 253; and *Peck* v. *Small*, 35 Minn. 465, followed as to the rules governing an application for a new trial for newly-discovered evidence.

Plaintiff brought this action in the district court for Hennepin county against defendants Croswell and Charles Ellis, William Stevens and I. P. Tidd, to recover for goods alleged to have been sold and delivered to them as partners under the name of the Minneapolis Barrel Company. Defendants Stevens and Croswell each answered separately, denying the partnership. At the trial before *Koon*, J., and a jury, the plaintiff had a verdict. The defendant Croswell appeals from an order refusing a new trial.

*G. W. M. Pittman*, for appellant.

*Geo. E. Sutherland*, for respondent.

BERRY, J. The main question on this appeal is whether there is evidence reasonably tending to show that Croswell was, or that he held himself out to be, a partner of Stevens. We are by no means prepared to say that the facts testified to do not raise a reasonable inference of partnership *inter se;* but, however this may be, clearly there is testimony fairly tending to show that Stevens and Croswell held themselves out to be partners so as to be liable *as such* to third persons. Such holding out may be by words spoken or written, or by conduct leading to the belief that one is a partner. This is but an application of one of the most useful and important doctrines of the law, viz., that of estoppel. *Mollwo* v. *Court of Wards*, L. R. 4 P. C. 419, 435; Pol. Partn. 22, 23.

Upon the trial many objections were interposed to the reception of evidence, which were not followed up by exceptions, and which we have therefore no occasion to consider. This disposes of the first, second, and a considerable portion of the third assignments of error.

In tracing the history of Croswell's connection with the business of what is called the "Minneapolis Barrel Company," evidence as to the steps taken to form a corporation by that name, and of his participation therein, was proper to some extent, although the corporation did not go into operation, and the business of the so-called "Minneapolis Barrel Company" was not in fact its business. More evidence was received on this subject than was of any use, but some of it was not excepted to; and especially in view of the very full and explicit charge of the court, to which no exception was taken, we cannot perceive how any harm could have resulted to the defendant from its admission.

Evidence in the case tended to show, by admissions and otherwise, that Stevens and Croswell, with other parties, got up a scheme for a corporation for the manufacture of barrels, under the name of the "Minneapolis Barrel Company;" that, the scheme being abandoned after articles of incorporation had been executed, the business of barrel making was carried on by Stevens and Croswell jointly, under the same name; Croswell apparently acting as the financial man of the concern, supplying it with capital, taking more or less part in the transaction and management of its business, and sharing to some extent in the profits. It is true that the evidence is not of the most satisfactory kind, (it had to be drawn largely from Stevens and Croswell,) and it is in material particulars squarely conflicting; but there is nevertheless competent evidence reasonably tending to establish the above state of facts. In addition, we observe that, unless Croswell was to share in the profits of the business in some degree, the evidence, so far as we discover, does not show that he was to receive any remuneration for his services, or that he was in any sense an *employe* of the concern; and men do not ordinarily work for nothing. Stevens and Croswell may not have supposed that they were partners, (as they swear they did not;) but, as respects third parties dealing with them, there is evidence from which the jury might properly in-

fer that their conduct held them out to be partners, or, in other words, that they gave themselves the appearance of partners. And upon this basis Exhibit B, being a written order of the Minneapolis Barrel Company by Stevens for a part of the goods sued for, was admissible in evidence.

This brings us to the error last assigned, viz., the denial of the motion for a new trial for newly-discovered evidence. And as to this it is to be observed that the evidence claimed to have been newly discovered went simply to impeach and to contradict the testimony of the witness Stevens. With rare exception, in extraordinary cases, (such as this case is not,) such evidence is not ground for a new trial. *Peck* v. *Small*, 35 Minn. 465, (29 N. W. Rep. 69.) It is further to be remembered that applications for new trials for newly-discovered evidence are regarded with great jealousy, and are largely committed to the discretion of the court. *Lampsen* v. *Brander*, 28 Minn. 526, (11 N. W. Rep. 94;) *Peck* v. *Small, supra.*

With this rule in mind, and in view of the counter-affidavits,— *Eldridge* v. *Minn. & St. Louis Ry. Co.*, 32 Minn. 253, (20 N. W. Rep. 151;) *Peterson* v. *Faust*, 30 Minn. 22, (14 N. W. Rep. 64,)—and of the doubt as to whether the newly-discovered evidence would be likely to change the verdict, (*Lampsen* v. *Brander, supra,*) we cannot say that the new trial was improperly denied.

Order affirmed.