P. E. Gilmore *vs.* Charles Brost.

September 5, 1888.

Evidence—Competency of Expert Witness.—Alleged errors in the admission of evidence, relating to the competency of witnesses, examined, and found not to exist.

New Trial—Newly-Discovered Evidence.—Newly-discovered evidence, as set forth by affidavits upon motion for new trial, *held* to be simply contradictory and cumulative.

Testimony adduced upon the trial sufficient to sustain the verdict.

Appeal by defendant from an order of the district court for Dakota county, *Crosby,* J., presiding, refusing a new trial after verdict for plaintiff.

*Peck & Brown,* for appellant.

*Hodgson & Schaller,* for respondent.

Collins, J.   Action to recover the value of a mare, alleged to have been killed through defendant's negligence in handling a stallion. The plaintiff had a verdict.   The court below denied a motion for a new trial, from which denial the defendant appeals.   It is only necessary to briefly state our conclusions.

1. The witnesses Eustice and Doton were well qualified to express opinions upon the matters concerning which they were interrogated. The former was a practising physician and surgeon, which fact by itself would render him equipped to some degree with the knowledge necessary to answer the questions.  In addition to this, he had had more or less veterinary experience while practising medicine, and, to use his own words, was familiar to a "moderate extent" with the anatomy of the horse.   Doton was competent to express an opinion because of his many years' experience in handling horses under precisely similar circumstances, and we fail to see that there was an absence of foundation for any question asked him.

2. It is urged that the motion should have been granted because of newly-discovered evidence, which is set forth by affidavits made a part of the moving papers.   An inspection of these affidavits discloses

the fact that the proposed new testimony merely tends to impeach and contradict that given upon a former trial, or that it is additional evidence of the same kind, to the same point, and therefore simply cumulative. The reasons why the trial court did not err in its refusal to grant a new trial on the ground of newly-discovered evidence must be manifest from what has already been said, and the decisions of this court sustaining the ruling are well epitomized in the opinion in *Peck* v. *Small,* 35 Minn. 465, (29 N. W. Rep. 69.)

3. There is evidence tending to show negligence on the part of the defendant, and, while it may not be absolutely clear or convincing, it is sufficient to justify the verdict. Again, upon examination of the certificate of the district judge presiding at the trial, appended to and settling the case, (as shown by the files, and which certificate is wholly omitted from the paper book,) we find that the "settled case" does not purport to contain all of the evidence given at the trial.

Order affirmed.