STATE OF MINNESOTA *vs.* PETER BARRETT.

January 28, 1889.

State v. Barrett, Supra, p. 65, followed.—Various assignments of error disposed of by following rulings in the case of *State* v. *Barrett, supra,* p. 65, a codefendant, in which the same assignments were presented.

Murder by Two or More Engaged in Felony. — A person may be guilty of a murder actually perpetrated by another, if he combines with such other party to commit a felony, engages in its commission, and death ensues in the execution of the felonious act. If two or more persons, having confederated to attack and rob another, actually engage in the felony, and in the prosecution of the common object the person assailed is killed, all are alike guilty of the homicide.

The defendant was indicted with his brother Timothy in the district court for Hennepin county, for the murder of Thomas Tollefson. Upon the trial before *Lochren*, J., and a jury, defendant was convicted of murder in the first degree, and sentenced to be hanged. He appeals from the judgment and from an order refusing a new trial.

*W. W. Erwin, John T. Byrnes, William H. Donahue* and *C. Wellington,* for appellant.

*Moses E. Clapp,* Attorney General, *H. W. Childs, F. F. Davis* and *Robert Jamison,* for the State.

COLLINS, J. The appellant, indicted with his brother, Timothy Barrett, but separately tried, was convicted of the crime of murder in the first degree, and sentenced to be hanged. From an order denying a new trial he appeals.

Twenty-eight assignments of error, many of them frivolous, are presented for review. The alleged erroneous rulings are chiefly upon the admissibility or inadmissibility of testimony, but error is claimed in the refusal of the court to certify that, by reason of exceptional circumstances, the death penalty should not be imposed. It is further urged that the evidence did not warrant the verdict of guilty as charged in the indictment, and that the sentence and judgment are contrary to law. But this point, as well as the one suggested in regard to the refusal of the trial court to certify to the existence of exceptional circumstances, whereby the punishment might be reduced to life-imprisonment, have been fully considered and disposed of in the case of *State* v. *Barrett, (supra,* p. 65,) a codefendant, convicted of the same crime, upon substantially the same testimony, in which a lengthy opinion has just been filed.

The testimony, as appears from the record herein, was much the same as that given in the case against Timothy Barrett, so far as it went. There were a few more witnesses on minor points, and slight, but immaterial, changes in the phraseology; and all testimony bearing upon the time and manner in which Timothy obtained possession of the revolver marked with his initials, except what was stated by the accused in his interview with the officers, was purposely and properly omitted. From the nature of things, the testimony, as well as the innumerable objections made by counsel for the prosecution and the defence, and the rulings upon these objections, as the trial progressed, would be the same in substance. As we have covered, in the opinion in the other case, all of the assignments of error which, in our judgment, merit comment, there exists no good reason for going over the same ground in this. The trial court ruled correctly

upon the many questions brought to its attention while receiving the testimony.

It is averred that the evidence was insufficient to warrant the verdict. Evidently the main reliance of the state was upon the testimony of the accomplice, Henry. In order to convict the defendant it was essential that this witness be corroborated by evidence which tended in some degree to establish the guilt of the accused. By it a *prima facie* case need not be made out. *State* v. *Lawlor*, 28 Minn. 216, (9 N. W. Rep. 698.) But a fragment of the charge of the court is before us, but we have no doubts of its sufficiency on this point, and that the jury was clearly and carefully instructed that corroborating testimony, to the degree above mentioned, was absolutely necessary before conviction could be had. An examination of the evidence satisfies us that the corroboration was ample, and the verdict justifiable on this ground, at least.

The next important inquiry is as to evidence of defendant's participation in the murder, assuming, as we do, that it was actually committed by Timothy. From the testimony it appears that upon the night of the homicide the three brothers, Timothy, Peter, and Henry, left the house together, early in the evening, for the avowed purpose of visiting the business part of the city. Timothy and this defendant Peter carried revolvers. When returning home, late at night, they resolved to rob a street-car driver, and in furtherance of the scheme placed planks across the track at one point. Later the three approached Tollefson as his car was on the turn-table at the end of the route, near a cemetery, and demanded his cash-box, Timothy and Peter presenting their weapons. Tollefson, the deceased, resisted, the accused fired his revolver, and, with the witness Henry, ran towards the cemetery. Almost immediately another shot was fired, and Timothy joined them, with the driver's cash-box under his arm, saying that he had "killed him; shot him through the head." The three then returned to their residence, the money found in the box was poured out upon a table, and the box buried in the cellar. Later it was dug up and cut in pieces by the accused and Timothy. The car tickets found therein were secreted under the house, and the pieces of the box thrown in a lake by the latter and Henry. It is

manifest, as before stated, that the fatal shot was fired by Timothy, while that fired by this defendant passed through the thigh of deceased, causing a severe, but not necessarily fatal, wound. These circumstances are sufficient to make all principals, although the crime was actually perpetrated by only one of the number. The men had conspired and confederated to waylay and rob,—to commit a felony. In the prosecution of this common object or purpose, murder resulted. The act of Timothy was in furtherance of the original unlawful design. It was a natural and probable consequence of it, for which all must be held accountable. In the eye of the law it was the act of each. 1 Russ. Crimes, *56; 1 Archb. Crim. Pr. & Pl. [8th Ed.] 56, Pom. note 1; *Brennan* v. *People*, 15 Ill. 511; *Reg.* v. *Jackson*, 7 Cox, Crim. Cas. 357.

As we find no error in the case, the judgment and order denying a new trial are affirmed, and the case remanded for further proceedings.