## CHARLES S. CAIRNS *vs.* MELVILLE C. KEITH.

Argued April 28, 1892.    Decided May 23, 1892.

New Trial for Newly-Discovered Evidence.

     Order granting a new trial for newly-discovered evidence sustained.

Appeal by defendant, Melville C. Keith, from an order of the District Court of Hennepin county, *Hooker,* J., made August 31, 1891, granting a new trial.

Action upon a promissory note for $480 dated January 31, 1890, due in six months, which plaintiff, Charles S. Cairns, alleges defendant made and delivered to one Thomas Stenson. Plaintiff bought the note of Stenson before its maturity. The defendant denied that he made the note. The issues were tried October 15, 1890. The jury found for defendant. Plaintiff moved for a new trial on the ground of newly-discovered evidence as follows: One George C. Emerson made affidavit that he was a student in defendant's office, and saw defendant sign the note. Stenson also attached to his affidavit a letter written by defendant to him August 4, 1890, in which defendant says: "Some attorney has brought suit on the note. It comes off in the District Court in twenty days, perhaps, but I intend to have all out of my hands before that time. I shall give you a bill of sale of everything, dated February 1, 1890."

*Christensen & Tuttle,* for appellant.

*Charles S. Cairns, pro se.*

PER CURIAM. This action is upon a promissory note alleged to have been made by the defendant. The defense is that the defendant's name, subscribed as maker of the note, was a forgery, and he testified as a witness on the trial that he did not sign it. In support of a motion by the plaintiff for a new trial, after verdict had been rendered for the defendant, a letter was produced, shown to have been written by the defendant to a third party, and the authorship of which is not denied, in which the defendant refers to this action in terms which may well be regarded as recognizing his legal liability on the note. The court granted a new trial. This was a reasonable exer-

cise of the discretion which courts are to exercise in such cases. The propriety of the action of the court is very apparent, in view of the fact that the testimony of the defendant, on the issue to which the newly-discovered evidence relates, was of at least a questionable character.

Order affirmed.

(Opinion published 52 N. W. Rep. 267.)

