MYRTA LAYMAN, Administratrix, v. MINNEAPOLIS STREET–RAILWAY
COMPANY.[1]

December 16, 1896.

Nos. 10,289—(122).

**Cumulative Evidence.**

> Cumulative evidence is additional evidence of the same kind and to the
> same point as that given on the first trial, but it is not cumulative if it relate
> to distinct and independent facts of a different character, though tending
> to establish the same ground of claim or defense.

**Newly-Discovered Evidence—New Trial.**

> *Held*, that the trial court did not abuse its discretion in granting a new
> trial in this case on the ground of newly-discovered evidence; and, further,
> that such evidence was not cumulative.

Appeal by defendant from an order of the district court for Henne-
pin county, Jamison, J., granting a motion for a new trial. Affirmed.

*Koon, Whelan & Bennett*, for appellant.

*John P. Rea* and *Frank Healy*, for respondent.

START, C. J.[2]     The plaintiff's intestate died as a result of a col-
lision between a wood cart, which he was driving, and one of the
defendant's street cars.     Both were going in the same direction.
The main issues litigated on the trial of the action, which was for the
recovery of damages on account of his death, were the negligence of
the defendant and the contributory negligence of the deceased.
There was a verdict for the defendant.     The trial court granted the
plaintiff's motion for a new trial solely on the ground of newly-dis-
covered evidence, and defendant appealed from the order.

The verdict was general only, hence the record does not disclose
the ground upon which the jury based the verdict.     The trial court
stated, in its memorandum, that evidently the jury found that the
deceased was guilty of contributory negligence, and that such find-
ing was the basis of the verdict.     It cannot be so assumed, although
the evidence renders it more probable that such was the case than
that the jury found that the defendant was not guilty of negligence
in the premises.     These suggestions are made with reference to the

---

[1] Reported in 69 N. W. 329.          [2] BUCK, J., took no part.

character of the newly-discovered evidence, which tends to show that the deceased, as he started to turn his team upon the car tracks for the purpose of avoiding a pile of lumber which had been placed near the curb of the street along which he was driving his cart, looked back in the direction he had been coming, and that there was no car then in sight. It is undisputed that his view, in the direction from which the car came, was unobstructed for at least three blocks. The defendant claims, that this evidence is simply cumulative, that it is false, and would not change the verdict on another trial.

The granting or denying of a motion for a new trial on the ground of newly-discovered evidence is a matter resting largely in the discretion of the trial court, and its order will not be reversed on appeal unless it is made to appear that the order violated some legal right of appellant, or was an abuse of discretion; the presumption being that the discretion was properly exercised. Lampsen v. Brander, 28 Minn. 526, 11 N. W. 94. The question, then, is not whether the trial court might have properly denied the motion, but whether the granting of it was an abuse of its discretion for any of the reasons assigned by the defendant. The newly-discovered evidence was not cumulative, within the meaning of the general rule that a new trial will not be granted where the evidence is simply cumulative. Cumulative evidence, as the term is here used, is held to be evidence which speaks to facts in relation to which there was evidence on the trial; or, in other words, it is additional evidence of the same kind, and to the same point, as that given on the first trial. But it is not cumulative if it relate to distinct and independent facts of a different character tending to establish the same ground of claim or defense. Hil. New Trials, 501; Nininger v. Knox, 8 Minn. 110 (140); Hosford v. Rowe, 41 Minn. 245, 42 N. W. 1018.

On the trial there was no evidence as to whether the deceased looked to see if a car was approaching before driving upon the tracks. The new evidence directly tends to prove that he did so look. This is a fact bearing upon the question of his contributory negligence. The evidence, therefore, is material, and is not cumulative. The credibility of the evidence, and whether it would probably change the result on another trial, are questions peculiarly, but not exclusively, for the trial judge, who saw the witnesses, heard their testimony, followed the course of the trial, noted the claims of the re-

spective parties, and whose opportunity to judge of the credibility of the newly-discovered evidence, and the probable effect it would produce on another trial, was superior to our own.    Our conclusion, from a consideration of the entire evidence given on the trial, is that the trial court did not abuse its discretion in granting the motion for a new trial.

Order affirmed.