STATE v. SIMON BROOKS.[1]

November 1, 1901.

Nos. 12,733—(20).

New Trial—Newly-Discovered Evidence.

An affidavit to the effect that the reputation of a witness for truth and veracity was bad does not authorize the granting of a new trial on the ground of newly-discovered evidence.

Conviction Sustained.

Evidence examined, and *held* sufficient to sustain a verdict of guilty.

Defendant was convicted in the district court for Hennepin county of grand larceny in the second degree. From an order, Simpson, J., denying a motion for a new trial, defendant appealed. Affirmed.

*Geo. H. Benton*, for appellant.

*W. B. Douglas*, Attorney General, *C. W. Somerby*, Assistant Attorney General, *Fred H. Boardman*, County Attorney, and *Al. J. Smith*, Assistant County Attorney, for the state.

LEWIS, J.

Defendant was convicted of grand larceny in the second degree for stealing and carrying away five hundred fifty-four pounds of scrap copper wire, of the value of $80.33. Application was made for a new trial upon two grounds: First, newly-discovered evidence; and, second, that the evidence is not sufficient to sustain the verdict. The motion having been denied, defendant appeals.

[1] Reported in 87 N. W. 779.

1. The application for a new trial upon the ground of newly-discovered evidence is based upon an affidavit to the effect that in the community in which the complaining witness resided his reputation for truth and veracity was bad. This affidavit is entirely insufficient, and under the decisions of this court does not furnish grounds for granting a new trial. Lampsen v. Brander, 28 Minn. 526, 11 N. W. 94; Peck v. Small, 35 Minn. 465, 29 N. W. 69; Hoye v. Chicago, M. & St. P. Ry. Co., 46 Minn. 269, 48 N. W. 1117.

2. The evidence offered on behalf of the state shows substantially that the defendant was a junk peddler in the city of Minneapolis; that on a certain day he went to the plant of the D. & D. Electric Manufacturing Company of the city, and purchased some copper wire in lump, which was lying in the basement of the building; that defendant gave five dollars cash to the company's president to bind the bargain, for which he took the following receipt: "Sold to Simon Brooks, about 500 pounds of scrap copper wire at about 14 1-2 cents per pound as it is in the lump." On the afternoon of the next day, Brooks, accompanied by one Numorowski, arrived at the company's plant with a horse and wagon and some empty barrels. Mr. Donaldson, president of the company, and the defendant, accompanied by Numorowski, went into the basement, and began to weigh the wire, and put it in barrels. After three barrels had been weighed, and carried up to the wagon, and the fourth made ready, defendant told Donaldson he would go up and get a larger barrel, which he did, and was soon followed by his companion, Numorowski. After waiting some time for their return, Mr. Donaldson went in search of them, and discovered they had departed, taking with them the two hundred ninety-six pounds of wire which had been placed in the wagon, and investigation developed that three copper wire magnets, weighing two hundred sixty-one pounds, which were in the basement at the time defendant was there, had also disappeared.

An action in replevin was thereafter commenced, but the wire was not discovered. At first defendant refused to disclose where he had taken it; then claimed to have sold it to a party who came to his house with a horse and wagon; but it was proven that defendant had sold the wire to the Western Scrap Iron Company in

the name of Numorowski, his companion, to whom a check for the amount was given. Defendant insists that this evidence is insufficient to show he intended to steal the wire, and that he had a right to take it away without paying for it. He further claims that the evidence offered, charging him with the disappearance of the magnets, is too indefinite and uncertain to base a conviction upon. But there was evidence in the case tending to show that such transactions were customarily for cash, and that, in the absence of anything being stated in the receipt or by the parties as to the time of payment, it would be understood that the copper should be paid for when delivered. The manner in which this copper was taken from the basement, the disappearance of the defendant and his companion, and their method of disposing of the same for cash were sufficient to prove that defendant took that way of getting the wire out of the company's possession without intending to pay for it, and he was not entitled to haul it away until full payment for it had been made.

The evidence as to the removal of the three magnets is somewhat indefinite and uncertain, although the circumstances tend strongly to indicate that they were taken away with the other wire. However, the result is not changed even though it be admitted that the evidence is not sufficient to charge defendant with taking them, as the two hundred ninety-six pounds admitted by defendant to have been taken away were of sufficient value to come within the offense charged. Upon reading the whole record, we are of the opinion that the jury were justified in finding the defendant guilty.

Judgment affirmed.