CHRISTINA HANSON v. LESLIE H. BAILEY.[1]

November 24, 1905.

Nos. 14,304—(6).

**New Trial.**

When the evidence in support of the verdict is contradictory, and not decisive, a new trial may be granted upon the ground of newly discovered evidence, although cumulative, contradictory, or impeaching, provided such evidence may have the effect of changing the result on a new trial.

Action in the district court for Beltrami county to recover from defendant Leslie H. Bailey $989, money had and received to the use of plaintiff. The case was tried before McClenahan, J., and a jury, which rendered a verdict in favor of plaintiff for $500. From an order granting a motion for a new trial upon the ground of newly discovered evidence, plaintiff appealed. Affirmed.

[1] Reported in 104 N. W. 969.

*Chester McKusick,* for appellant.

*E. E. McDonald* and *McDonald & Pitkin,* for respondent.

LEWIS, J.

Appellant and her brother were indicted for a criminal offense, and respondent was employed by appellant to defend her. A considerable sum of money having been paid into the hands of the attorney during the preparation and trial of the action, this suit was brought for the purpose of recovering from respondent the money which she claimed to have put into his hands for safe-keeping and which he refused to pay over. Respondent claimed that all the money he received from appellant had been used to pay fees and costs and disbursements incurred in the conduct of her defense, and that the other money in controversy was paid by appellant's brother for the purpose of conducting his defense.

Upon the trial the question turned largely upon whether or not a certificate of deposit of one thousand dollars had been sent to respondent directly by the brother, then residing in Canada, or whether it had been sent by the brother to appellant and by her delivered to respondent by the hand of a third party. If the money had been sent directly to appellant, to be used by her in conducting her own defense, then respondent failed to show any legal ground for retaining it; but if it had been sent to him directly by the brother, to be used for his defense as well as appellant's, then respondent would be accountable to him, and not to her. Appellant testified that she received the certificate of deposit in a letter from her brother, and that she gave it to one A. C. Hanson, who in turn delivered it to respondent, who afterwards admitted that he received it. This respondent denied. The jury accepted appellant's version and returned a verdict in her favor. A motion for a new trial was made upon the ground of newly discovered evidence, based upon an affidavit of A. C. Hanson, who denied that he had received such certificate of deposit from appellant and delivered it to respondent. The trial court granted a new trial upon this ground, and the question is: Did the court abuse its discretion?

It is the general rule that a new trial will not be granted upon this ground, when the new evidence is merely cumulative, contradictory, or impeaching. Peck v. Small, 35 Minn. 465, 29 N. W. 69; Layman v. Minneapolis St. Ry. Co., 66 Minn. 452, 69 N. W. 329. But there .

may be exceptions to the rule, and there are cases where it would be proper for the court to grant a new trial when the newly discovered evidence is in its nature impeaching and contradictory, and the trial court should have liberal discretion in taking such action as will meet the ends of justice. Cairns v. Keith, 50 Minn. 32, 52 N. W. 267. See also 14 Enc. Pl. & Pr. 807, 810, 821. The brother did not testify at all, and the evidence is far from conclusive in favor of appellant's claim. The new evidence is material to an important point in the case, and it may have the effect of changing the result upon another trial. The court was within the reasonable exercise of its discretion.

Order affirmed.