## IN RE GUARDIANSHIP OF DAVID WOOD.

## H. S. WOOD v. DAVID WOOD.[1]

April 26, 1918.

No. 20,748.

**New trial because of newly discovered evidence.**

     1. A new trial may be granted on account of newly discovered evidence of facts arising after the trial.

**Appointment of guardian — new trial.**

     2. After denial of a petition for the appointment of a guardian for an alleged incompetent on evidence presenting a very close case, the

[1]Reported in 167 N. W. 358.

respondent assigned away his sole means of support for reasons very unsatisfactory. *Held,* an order denying a motion for a new trial should be reversed.

After the former appeal reported in 137 Minn. 252, 163 N. W. 297, appellant obtained from the district court for Le Sueur county an order requiring respondent to show cause why a new trial should not be granted on the ground of newly discovered evidence. The application was heard and denied, Tifft, J. From the order denying the application, appellant appealed. Reversed.

*M. R. Everett, C. C. Kolars* and *Moonan & Moonan,* for appellant.
*Douglas, Kennedy & Kennedy,* for respondent.

HALLAM, J.

The facts of this case are stated in the opinion filed on the former appeal, 137 Minn. 252, 163 N. W. 297. Respondent is 62 years old, below normal in mentality, and physically incapable of earning a living. He has about $2,700 due him in cash. His only other property is a small cottage worth $350 and rented for $3 a month. The district court denied his brother's petition for a guardian, moved largely by the fact that there was no evidence having any tendency to show that any of the money due respondent had been or would be dissipated. This court held that the evidence would sustain a finding of either incompetency or competency, and on well settled principles affirmed the order of the district court. On the return of the remittitur, petitioner moved for a new trial on the ground of newly discovered evidence. The motion was denied. Petitioner appeals.

The alleged newly discovered evidence is that, pending the appeal, respondent made a transfer to his sister of all the money due him. No provision was made for his future support. In explanation, respondent makes affidavit that he made the transfer without request from any one, that he is indebted to his sister for personal care for a period of 17 years. From an examination of the record, it seems impossible that the sister could have cared for him for any such period of time. No attempt was ever made to arrive at the amount of this claim. He excuses this by saying that he has been waiting until the determination of this proceed-

ing before negotiating for a settlement of the amount. As a further reason for making the transfer he says that he became worried and commenced to fear that all the money he had would be spent in litigation or that his brothers would prevent his getting it, and that, if he should die, his sister would receive no pay for her services. Though the transfer is absolute in form, he says it was made as security and so that in case of his death his sister would have a "short and easy way of getting her pay." He further says that it was understood that the whole of the money shall belong to him until his death or until he settles with his sister.

We think a new trial should be ordered. A new trial may be granted because of evidence of facts arising after the trial. Newly discovered evidence is any evidence newly discovered, whether the facts existed at the time of the trial or not. Guth v. Bell, 153 Iowa, 511, 133 N. W. 883, 42 L.R.A. (N.S.) 692, Ann. Cas. 1913E, 142; Stauffer v. Martin, 43 Ind. App. 675, 88 N. E. 363.

New trials on the ground of newly discovered evidence are granted by appellate courts with much caution. The matter rests largely in the discretion of the trial court. Peck v. Small, 35 Minn. 465, 29 N. W. 69. But this seems to us one of the cases where this court should order a new trial. Had any such state of facts been disclosed on the first trial, there seems little doubt that the trial court would have appointed a guardian, and it seems to us now, that the voluntary assignment by respondent, a man unable to earn a livelihood, of practically his sole means of support, with no provision made for the future, and with no better explanation than he gives for his conduct, is, in view of all the facts disclosed on the former trial, well nigh conclusive of incompetency. If his sister has a just claim it should be recognized. But respondent is wholly incapable of conducting any intelligent negotiation for arriving at the amount, and in view of the fact that without this means of support respondent may become a public charge and a burden on the petitioner, the court should see to it that the justice of this claim is properly determined. None of the parties can be injured by the conservation of this money by a guardian. In fact, it seems quite plain that the interests of all will be best protected in this manner.

Order reversed.