## STATE v. EMIL SWEDBERG.[1]

May 9, 1924.

No. 23,874.

**What testimony will support conviction in bastardy proceeding.**
1. The evidence in an action charging the defendant with being the father of an illegitimate child, examined and *held* sufficient to sustain the verdict. In such proceeding a conviction may be had on a fair preponderance of the evidence. It may be sustained on the uncorroborated testimony of the complainant.

**Grant of new trial on ground of newly discovered evidence.**
2. Rules adopted in former decisions, as to granting new trials on the ground of newly discovered evidence, considered and applied notwithstanding the affidavits filed in support of the motion.

Complaint in bastardy proceeding against defendant in the district court for Big Stone county. Defendant was tried in the district court for Big Stone county before Flaherty, J., and a jury which found him guilty as charged. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Murphy & Anderson* and *W. C. Preus*, for appellant.

*Charles H. Bolsta*, County Attorney, and *Ray G. Farrington*, for respondent.

QUINN, J.

Action to determine the paternity of an illegitimate child, born unto the complainant on December 1, 1922. The defendant was charged, tried and convicted by the verdict of a jury, of being the father of such child. From an order denying his motion for a new trial this appeal was taken.

The complainant, Esther Henricks, is an unmarried woman, 21 years of age, and has always resided with her parents on a farm in Big Stone county. The defendant is unmarried, 25 years of age, and resides with his mother in the same county. Upon the trial

[1]Reported in 198 N. W. 815.

complainant testified that the defendant visited her at her parents' home during the latter part of February and the first part of March, 1922, and that while there he had illicit relations with her every night, and that as a result thereof she became pregnant with child, which was born unto her alive on December 1, 1922, and that such child was fully developed and weighed 8 pounds at the time of birth, and that the witness Lillie Larson was present when he had such illicit relations with her. She also testified that the defendant first had illicit relations with her in November, 1921, and again subsequent to March, 1922. Upon the trial the witness Lillie Larson testified that she was present at the home of complainant during the latter part of February and early part of March, 1922, and that defendant at that time had illicit relations with complainant in her presence. The defendant went upon the witness stand and testified that he had illicit relations with the complainant at her home in November, 1921, in the presence of the witness Lillie Larson; that he visited her home during the latter part of February, 1922, for a number of days, but that he did not have any illicit relations with her during that time, and that he did have such relations with her later in May, 1922.

The case was tried in March, 1923. About two weeks later Lillian Larson signed an affidavit to the effect that the testimony given by her upon the trial was false. Several affidavits of relatives of Lillie, as well as of others, were procured and used by defendant, upon the motion for a new trial, to the effect that Lillie Larson was not at the home of the complainant in February and the early part of March, 1922, as she had testified.

It is sufficient to say that much of the testimony in this case is not only wanting in conformity with truth, but as remarked by the learned trial judge, "was needlessly foul and filthy," and given freely, shamelessly and with apparent delight. Less of such an exhibition on the part of the accused, and less of such revolting testimony might have left a less unfavorable impression upon those who were compelled to listen to the trial.

We have read the record. It must be certain that the deodorizing process of reducing the testimony to print has not harmed the ac-

cused, but renders the same less loathsome. Considering the printed record in detail, we are satisfied that it made a question for the jury and that justice does not require any interference by this court. The accused was accorded a fair trial. We discover no reversible error either in the rulings upon the admissibility of evidence or in the charge to the jury.

The case was tried in March, 1923. The motion for a new trial was heard in July. In addition to the affidavit of Lillie Larson referred to above, the appellant filed affidavits of a number of persons, bearing upon the whereabouts of the witness Larson during the latter part of February and the early part of March, when she testified she was at the home of the complainant. The assignments of error are grouped and argued in appellant's brief under three general headings, viz: That the verdict was based wholly on perjured testimony, as conceded on behalf of the respondent; second, newly discovered evidence; and third, errors in the instructions to the jury preventing the appellant from having a fair trial.

We do not understand that all of the evidence supporting the verdict is conceded by the prosecution to be false. The appellant admits having had illicit relations with the complainant in November, 1921, and during the latter part of May, 1922. He admits having been at the home of the complainant about the first of March, 1922, which afforded him every opportunity of being with the complainant. He had left his mother alone upon the farm to look after matters there during his absence. The complainant testified that while at her home during that time he had illicit relations with her and that as a result thereof the child was begotten. The date of the birth of the child corroborates the testimony of the complainant in this respect. There is no question whatever but that the testimony made a case for the jury.

The granting of a new trial, on account of newly discovered evidence, rests to a very large extent in the discretion of the trial court, and newly discovered evidence which is merely cumulative, is not a ground for a new trial. Cirkel v. Croswell, 36 Minn. 323, 31 N. W. 513; Gilmore v. Brost, 39 Minn. 190, 39 N. W. 139; State v. Barrett, 40 Minn. 65, 76, 41 N. W. 463; Hoye v. Chicago, M. & St.

P. Ry. Co. 46 Minn. 269, 273, 48 N. W. 1117; State v. Brooks, 84 Minn. 276, 87 N. W. 779; Hanson v. Bailey, 96 Minn. 275, 104 N. W. 969; Wood v. Wood, 140 Minn. 130, 167 N. W. 358.

But it is insisted that the testimony of the complainant, standing alone, is unworthy of belief, and that the affidavits filed show conclusively that the witness Larson was not at the Henrick's home during the time mentioned. However this may be, the affidavits do not show that the appellant was not there during at least a part of that time. We are of the opinion and hold that the testimony of the complainant and the appellant, coupled with the date of the birth of the child, is all sufficient to support the verdict, and that the affidavits are merely cumulative insofar as they were material. The substance of the evidence covered by the affidavits is that the witness Larson was not at the Henricks' home at the time in question, and that therefore her testimony must be false, and for this reason the testimony should be considered even though it be cumulative under the rule announced in Hoye v. Chicago, M. & St. P. Ry. Co. supra. In view of all the facts shown by the record, the admission of the appellant that he was at the Hendrick's home at the time referred to, and the fact that the trial judge saw and heard all of the witnesses who testified at the trial and refused to disturb the verdict on account of the contents of such affidavits, and in view of the entire record, we are inclined to abide by the verdict and its approval by the trial court. The testimony in support of the verdict is by no means necessarily false. The verdict may have been and probably was based largely upon the defendant's own testimony. We think there should be an affirmance.

Affirmed.