Linda M. DISCH, Appellant,

v.

HELARY, INC., d.b.a. Charlie's Club, Respondent.

No. C1–85–1404.

Court of Appeals of Minnesota.

March 4, 1986.

Review Denied April 24, 1986.

S. Forrest Hutchinson, Duluth, for appellant.

Peter E. Lind, Minneapolis, for respondent.

Heard, considered and decided by LESLIE, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

LESLIE, Judge.

Plaintiff appeals the trial court's order denying her motion for a new trial based on newly discovered evidence. We reverse and remand for a new trial.

## FACTS

Early in the morning of March 20, 1983, appellant was injured when the car in which she was a passenger drove off the road. She brought suit against the driver and respondent Helary, Inc., alleging dram shop liability. Respondent denied serving the driver, and the jury found for respondent. After trial, a person who did not testify filed an affidavit stating that the respondent's case was based on a conspiracy to lie. Appellant moved for a new trial based on this newly discovered evidence, and the trial court denied the motion.

According to appellant, she and her friend Wanda Vos went out for a fun Saturday night. They had a beer or two at one Duluth bar, and then around 7:00 or 8:00 p.m. they went to Charlie's Club, the respondent's bar. They remained at Charlie's, drinking, until the bar closed at about 1:00 a.m. Appellant, Vos, Vos's brother, and his friend testified that when Vos arrived at Charlie's she was not intoxicated but that by about 11:00 she was obviously intoxicated. They testified that waitresses continued to serve her, and she continued to receive drinks from an unknown, new bartender who was short, had light hair and a fair complexion.

By the end of the evening, after hours of drinking at Charlie's, Vos passed out, asleep, with her head on her arms on the bar. At closing, some people helped Vos to her car. Appellant was going to drive Vos's car home because Vos was asleep. Vos woke up, moved appellant into the passenger seat, and began driving. As she drove down the highway, she lost control of the car and drove off the road. Appellant received some very deep cuts on her face, and after treatment she still has large, noticeable scars on her face.

Respondent's key witness was Frank DeBartolo, a bartender at Charlie's who was also a friend of Vos. Because DeBartolo had moved to California, his testimony was read from a deposition. Neither appellant nor any of her friends recalled seeing DeBartolo, but DeBartolo testified that he, and not the new, unknown bartender worked that evening. Mark Lemon, a bartender who fit the description of the unknown bartender testified he did not work that evening.

DeBartolo testified that Vos and appellant did not arrive at Charlie's until very late in the evening, approximately midnight. He stated that at that time they were obviously extremely intoxicated, and when Vos attempted to order a drink, he told her he would not serve her. A short time after they arrived, DeBartolo testified that Vos passed out on the bar. DeBartolo stated that at no time did anyone serve Vos a drink. A customer at Charlie's that night

corroborated DeBartolo's version of the facts.

The only other evidence supporting respondent's version that appellant did not arrive until very late was testimony from the owner of the bar, Helen Audette. She testified that at about 11:00 p.m. the bar did a promotion called a balloon dance. During the balloon dance hundreds of balloons were dropped from the ceiling onto the dance floor. She stated there was a huge commotion as customers scrambled to pick up the balloons which contained prizes. Because none of appellant's witnesses remembered this, respondent argued they obviously were not present until after 11:00 p.m.

Shortly after the jury returned a verdict finding respondent did not serve Vos any alcohol, David Nelson appeared. He presented an affidavit stating that he was in Charlie's that evening and that when he arrived approximately two hours before closing he saw Vos sitting at the bar. He stated she remained there, drinking, the entire time he was there. He further stated that within a week of the accident DeBartolo and another person approached him and told him to say he did not see either Vos or appellant drinking in Charlie's. DeBartolo said he might be fired if Charlie's were sued, and that he felt he had no choice but to side with the bar, regardless of the true facts. He concluded the affidavit by stating if DeBartolo testified Vos was not served alcohol before the accident DeBartolo testified wrongly.

With this affidavit in hand, appellant moved for a new trial. The trial court denied the motion and in a short memorandum stated that the new evidence did not add much new or different information than that presented at trial.

### ISSUES

1. Did the trial court abuse its discretion in denying appellant's motion for a new trial based on newly discovered evidence?

2. Did the trial court commit reversible error in ruling that appellant could not impeach a witness with evidence of his prior conviction for misdemeanor theft?

### ANALYSIS

It is well established that a trial court's decision on a motion for a new trial based on newly discovered evidence is a matter for the trial court's discretion. *Hertz v. Hertz,* 304 Minn. 144, 146, 229 N.W.2d 42, 44 (1975); *Lampsen v. Brander,* 28 Minn. 526, 530, 11 N.W. 94, 96 (1881). Trial courts should, however, use caution in granting a new trial based on newly discovered evidence. *Cut Price Super Markets v. Kingpin Foods, Inc.,* 256 Minn. 339, 358, 98 N.W.2d 257, 270 (1959). When reviewing the trial court's decision, an appellate court should not determine whether a new trial might properly have been allowed but whether the trial court's refusal to do so involved the violation of a clear legal right or a manifest abuse of judicial discretion. *Minder v. Peterson,* 254 Minn. 82, 92, 93 N.W.2d 699, 707 (1958).

Pursuant to Rule 59.01(4) of the Minnesota Rules of Civil Procedure, a new trial may be granted if the moving party produces "[m]aterial evidence, newly discovered, which with reasonable diligence could not have been found and produced at the trial." The evidence in this case is clearly newly discovered evidence. Appellant had no idea the testimony of DeBartolo was based on a conspiracy to lie. Although appellant's counsel did know Nelson had been contacted by respondent's insurance agent, Nelson lied to the agent and said he had not seen Vos served that night. When Nelson approached appellant after the trial, his testimony was clearly newly discovered evidence.

A new trial will not be granted solely on the basis of hearsay. *State v. E.A.H.,* 246 Minn. 299, 310, 75 N.W.2d 195, 202 (1956). Nor will a new trial generally be granted on the basis of "[e]vidence which is merely contradictory, impeaching, or cumulative * * * except under the most extraordinary circumstances." *Albertson v. Albertson,* 243 Minn. 212, 217, 67

N.W.2d 463, 467 (1954). The general rule is that a new trial will not be granted unless the newly discovered evidence is so important "it will probably produce a different result at another trial." *State v. Jacobson,* 326 N.W.2d 663, 666 (Minn.1982).

The trial court felt the new evidence was not sufficiently material to warrant a new trial. The judge's memorandum stated "the court has read the new evidence and does not really feel there is that much new or different than was presented to the jury at the time of the trial."

To some extent the new evidence is cumulative. Nelson's testimony that he saw Vos obtain drinks at the bar is not much different than the testimony of four of appellant's witnesses. Nelson's testimony also tends to impeach the testimony of all of appellant's witnesses. Because Nelson specifically says DeBartolo was the bartender that night, he impeaches the testimony of appellant's witnesses who either testified DeBartolo was not there or that they did not see him there. If this were the only testimony, it would be difficult to say the trial court abused its discretion.

Nelson, however, also testified concerning an alleged conspiracy to cover up the incident. He stated that DeBartolo and another man convinced him to lie to investigators, telling them that he did not see Vos drink that night. Because he did not want his friend DeBartolo to lose his job, he lied to investigators. He further stated that DeBartolo felt he had no choice but to side with the bar, regardless of the true facts. He concluded by alleging DeBartolo lied if he testified Vos was not served alcohol that night.

▮ This evidence strongly impeaches the testimony of respondent's key witness. Although newly discovered evidence that merely impeaches a witness is generally not the basis for a new trial, there are exceptions in the "most extraordinary circumstances." *Albertson,* 243 Minn. at 217, 67 N.W.2d at 467. In the present case the jury had to decide whose very different version of the facts they believed. The question was close, and it was entirely dependent on credibility of the witnesses. The newly discovered evidence tends to explain the discrepancies between the two stories. Given these facts, along with the strong allegations of a conspiracy to commit perjury,[1] we hold this is an extraordinary circumstance requiring a new trial in order to maintain the integrity of the judicial process. *See Morris v. Corcoran Pulpwood Co.,* 154 Mont. 468, 465 P.2d 827 (1970).

▮ The final requirement is that appellant could not have produced this evidence at trial with reasonable diligence. We are satisfied that with reasonable diligence appellant could not have produced this evidence at trial. Although appellant's counsel knew Nelson was at Charlie's that night and had seen Vos and appellant at about 11:00, appellant's counsel also knew Nelson had told an insurance investigator that he did not see Vos drinking in the bar. There was no reason to believe Nelson was lying and there was no reason to think Nelson would have changed his story if appellant's counsel had sent an investigator to question Nelson. The record also shows Nelson moved out of state shortly after the incident so, in any event, it would have been very difficult to question him.

Appellant also contends the trial court committed reversible error in preventing counsel from impeaching DeBartolo with evidence of a prior misdemeanor conviction for theft. It is unlikely this misdemeanor theft conviction would have been admissible under Minn.R.Evid. 609(a). Furthermore, it is well established that a trial court has discretion in its evidentiary rulings on admissibility of a prior conviction. *State v. Brouillette,* 286 N.W.2d 702, 707 (Minn.1979). Although we find no reversible error here, because of the newly discov-

---

**1.** We note that Nelson's allegations are corroborated by a statement given by DeBartolo, after the trial, in which he implies that the owner of Charlie's pressured the employees to lie in order to save their jobs.

ered evidence, the trial court should reconsider its ruling at the new trial.

### DECISION

We reverse and remand for a new trial on the basis of newly discovered evidence. Because the jury has already set damages, the new trial should be limited to liability.

Reversed and remanded.