ORRA RICKER *vs.* GEORGE W. HORN and others.

Penobscot. Opinion January 9, 1883.

*New trial.*

When at the trial of a cause an issue is raised by false testimony, and the opposite party is taken by surprise thereby, and has no opportunity to move for delay because of his necessary absence from the court without fault on his part, a new trial will be granted when it appears that the verdict was influenced by such false testimony.

ON REPORT, on motion for new trial.

Assumpsit, to recover fifty dollars for board of workmen in mill, operated by the defendants, George W. Horn, Noah Gould and Joseph D. Sawyer. Gould and Sawyer submitted to a default before the trial. The plaintiff was unable to attend court at the time of the trial on account of her sickness. The defendant, Horn, defended on the ground that he had withdrawn from the

defendant firm before the bill in suit was contracted.    The verdict was for the defendant.

At the trial the defendant, Horn, testified that prior to the date of the plaintiff's account in suit,—"I told Mrs. Ricker at that time, that I was out of the concern, and had nothing more to do with it, and should not be held responsible for any more bills; I told her that I had given what I had been there to the concern and that I should not be held responsible for any more bills." Mrs. Horn testified to this conversation.

On the motion for new trial on the ground of newly discovered evidence the plaintiff testified that no such notice was given her prior to the time when the bill was contracted, and that the conversation with Horn when Mrs. Horn was present was after the bill was contracted.    Other witnesses confirmed the plaintiff.

Other material facts are stated in the opinion.

*H. C. Goodenow*, for the plaintiff.

*D. F. Davis* and *C. A. Bailey*, for the defendant.

DANFORTH, J.  The defence in this case, is that the contesting defendant Horn had withdrawn from the firm before the plaintiff's claim had accrued and that the plaintiff had seasonable notice of that fact.

It is conceded that, during previous similar dealings between the plaintiff and the defendant firm, Horn was a member of it, and the evidence clearly shows, that the credit for the board now in suit was given to the three members though largely to Horn, and that while the debt was accruing the conduct of Horn in relation to the partnership business was such as abundantly to justify such credit, unless the plaintiff had previous notice of his withdrawal.    The defendant asserts that such notice was given, and the burden of proof is upon him.    The plaintiff admits a notice but says it was subsequent to the origin of the debt, and this presents the main issue between the parties.    Upon this issue the preponderance of the evidence introduced at the trial would seem to be in favor of the plaintiff, but perhaps not sufficiently so to authorize a disturbance of the verdict.

But with the evidence now offered, especially if we consider the great improbability that the plaintiff, under the circumstances developed, should continue to give credit to a firm after notice of the withdrawal of the only responsible member, the case largely preponderates in favor of the plaintiff's theory.

True, the additional testimony is not newly discovered so as to authorize the setting aside the verdict on that ground. Nor should. we deem it proper to set it aside on the ground of surprise alone. But the testimony of the defendant raised an issue which upon the plaintiff's theory she could not have been expected to have anticipated. She did anticipate the withdrawal as a defence, but not the prior notice of that withdrawal; and if, as she says, it is false, she had a very substantial reason for her failure. It is quite probable that she was surprised when she learned of the defence made, and had she been present at the trial should have moved for delay until she could procure the testimony she has now produced. But she was absent, and as appears for a very good reason, and therefore could not then or at any previous time have given her counsel information of a defence of which she had no knowledge. Thus without fault on her part, the action went to trial in the absence of testimony important to the issue, and such as might well change the result.

She evidently lost her verdict upon testimony which she alleges to have been false, whether wilfully or mistakenly so is immaterial, and the evidence she now offers tends strongly to prove it so. This has not been passed upon by the jury, and we think justice requires that it should be.

*Motion sustained.*

APPLETON, C. J., WALTON, VIRGIN and SYMONDS, JJ., concurred.