PETER MILLER and Another v. AYERS LAYNE and Others.[1]

October 25, 1901.

Nos. 12,682—(37).

**New Trial—Accident or Surprise.**

The granting or refusing of a motion for a new trial on the ground of accident or surprise rests in the discretion of the trial court, in the exercise of which an appellate court will not interfere except in a clear case of abuse of such discretion.

**Discretion of Court.**

It is *held* in this case that the trial court did not abuse its discretion in granting plaintiffs' motion for a new trial on the grounds stated.

Appeal by defendants from an order of the district court for Houston county, Kingsley, J., granting a motion for a new trial. Affirmed.

*Lloyd Barber*, for appellants.

*G. W. Rockwell*, for respondents.

BROWN, J.

This was an action for damages for trespass to real property. The principal question in the court below was whether the locus in quo was a public highway.

At the time the cause came on for trial, plaintiffs' attorney moved for a continuance on the ground of the unavoidable absence of plaintiff Michael Miller, and his inability to be present at the trial. The motion was denied, and the cause set for trial at a special term, at which it was tried, and judgment ordered for defendants. Plaintiffs did not renew the motion for continuance at the special term. Thereafter plaintiffs moved for a new trial of the action on the grounds (1) of newly-discovered evidence; and (2) accident and surprise which ordinary prudence could not have guarded against. This motion was granted by the trial court, and defendants appealed.

A motion for a new trial on the grounds stated is one ad-

[1] Reported in 87 N. W. 605.

dressed to the sound discretion of the trial court, the exercise of which will not be interfered with by this court except in a clear case of abuse. This is the universal rule, and needs no citation of authorities to support it. The question which we have to determine is whether the trial court abused its discretion in this instance. We are of opinion that it did not, and that its order in the premises should be affirmed.

As stated, the real controversy in the court below on the trial of the merits of the action was with reference to the validity of certain highway proceedings. It appears from the record that a petition for the location of a highway over the land in question was duly prepared, signed, and filed with the proper town clerk on November 3, 1898. Upon this petition due proceedings were had by the board of supervisors, and the highway subsequently laid out. The petition for the highway was erroneously indorsed as having been filed in the town clerk's office on February 20, 1899, when it was in fact filed November 3, 1898. When offered in evidence on the trial it bore that indorsement, and when questioned as to the true date of filing the town clerk was unable to answer. Plaintiffs' counsel did not discover this error of the town clerk in filing the petition until the document was offered in evidence, and it is claimed he was surprised by the discovery, and that ordinary prudence could not have guarded against it. Because of the fact that there was no evidence before the court below that the petition was filed on November 3, the court held that the highway proceedings were invalid, and ordered judgment for defendants. In support of the motion for the new trial, plaintiff Michael Miller presented an affidavit that he in fact filed the petition on November 3, and that such fact could not have been proved at the trial by any other witness. The town clerk made affidavit stating that, after refreshing his memory, he recalled the fact that it was so filed.

The reason why this plaintiff was not present at the trial is that he had some time prior gone with his wife on a visit to Germany; that while there his wife was taken ill, and it was impossible for him to return to this country with her in time for the trial. There is nothing to contradict the showing made in this respect,

and we are of the opinion that it was sufficient to justify the trial court, in the exercise of its discretion, in granting a new trial. It may be conceded that the showing as to newly-discovered evidence was wholly insufficient, but a case of accident and surprise which ordinary prudence could not guard against was fairly made out. The unavoidable absence of a party from the trial on account of his own, or the illness of a member of his family, where it is shown that he is a material and competent witness on the issues presented by the pleadings, is ground for a new trial. Chicago v. Newton, 89 Mich. 549, 50 N. W. 879. Especially is this so where an issue is raised on the trial by false testimony, or, as in the case at bar, testimony which is mistakenly untrue. Ricker v. Horn, 74 Me. 289.

If the verdict in this case is to stand, defendants are successful in the litigation by the force of evidence apparently, but not in fact, the truth, and they thus gain and acquire an advantage not in consonance with justice or equity. Such fact was a very proper matter for the trial court to take into consideration, in connection with the showing of plaintiff's unavoidable absence. The fact that the motion for continuance was not renewed at the special term is not conclusive against plaintiff. While, as a rule, the failure to move for a continuance on the ground of the absence of a party when the cause is called for trial may operate to defeat an application for a new trial because of such absence, the failure to so move is not necessarily conclusive. In this instance the motion was made at the opening of the term at which the cause was noticed for trial, was denied, and we do not think, under the circumstances, that it was necessary to renew the same.

On the whole record, we find no reason for disturbing the order appealed from, and it is affirmed.