FRED W. WINGEN and Others v. GEORGE MAY and Another.[1]

May 27, 1904.

Nos. 13,888—(64).

**Injunction.**

In an action to enjoin the deepening of an outlet to a meandered lake and praying for other affirmative relief, *held* the evidence sustains the findings of the court.

**New Trial.**

A motion for a new trial, made upon the ground either of surprise or newly discovered evidence, is largely addressed to the judicial discretion of the trial court.

Appeal by plaintiffs from an order of the district court for Blue Earth county, Lorin Cray, J., denying a motion for a new trial. Affirmed.

*H. L. & J. W. Schmitt* and *A. H. Lossow,* for appellants.

*C. O. Dailey,* for respondents.

PER CURIAM.

Action in equity for leave to construct a dam across an outlet leading from Rice Lake, in Blue Earth county, upon premises owned by the defendants, and for an injunction restraining them from interfering with the same, and from maintaining a ditch in said outlet. It is claimed by plaintiffs and denied by defendants that the latter constructed a ditch in and deepened said outlet in the years 1877 and 1886, which

[1] Reported in 99 N. W. 809.

operated to lower the water in Rice Lake approximately three or three-and-a-half feet. All the parties were owners of land adjacent thereto, and it appears that said lake is meandered, and plaintiffs enjoyed, in connection with the general public, the privilege of boating, fishing, etc., thereon. Upon the trial the district court found the issues in favor of defendants, and ordered judgment against the plaintiffs.

Among others, the learned trial judge adopted the following finding of fact:

> 5. That at divers times extending over a period of very many years last past said outlet of said lake has been in places disturbed by persons digging into the same and upon the sides thereof, and also by damming the same; but whether such disturbance of said outlet has resulted in raising or lowering the waters of said lake so that said waters were higher or lower at the commencement of this action, or are now higher or lower, than they would have been if said outlet had not been so disturbed, does not appear.

Upon motion for a new trial plaintiffs asserted in affidavits that they were surprised by the evidence of one Joseph Schlinger, a witness called on behalf of plaintiffs at the trial. It appears this witness testified that he deepened said outlet in 1886, at the instance of defendants, some distance from the lake, but did not connect the same with the lake. It appears that plaintiffs did not at the trial call the attention of the witness to contrary statements made by him; also that they expect to prove by two witnesses, who were unknown to them at the time of the trial, that said Schlinger was seen deepening such outlet to a point of contact with the lake. The trial court, in overruling the motion for a new trial, states that such evidence was cumulative, and also that, in view of the present condition of the ditch and lake as shown by the evidence, the proposed testimony of such witnesses could not, in his judgment, affect the result. From the order of the trial court overruling their motion for a new trial, plaintiffs appeal.

Two questions are presented: First. Whether the evidence sustains the findings of the trial court. Second. Whether the court erred in overruling appellants' motion for a new trial upon the grounds of surprise and newly discovered evidence.

The evidence adduced at the trial was voluminous, and from a careful examination thereof we are of the opinion it fairly tends to support the findings of the court. A motion for a new trial, based upon surprise which ordinary prudence could not have guarded against, and the existence of newly discovered evidence which, with the exercise of diligence, could not be produced at the trial, is, under the rule uniformly adopted, largely addressed to the discretion of the trial court. Lampsen v. Brander, 28 Minn. 529, 11 N. W. 94; Miller v. Layne, 84 Minn. 221, 87 N. W. 605. This, however, has been repeatedly held to be a judicial discretion. The court having decided that the proposed newly discovered evidence was cumulative, and, if admitted upon a new trial, would not, in its judgment, affect the result, we are unable to say, after examination thereof, that a reasonable discretion was not exercised.

It therefore follows the order appealed from is affirmed.