## STATE v. HERMAN SPLETT AND E. B. TROSKEY.[1]

April 27, 1923.

No. 23,329.

Conviction sustained.

 1. The verdict is sustained by evidence.

When subornation of perjury may be shown in rebuttal.

 2. If a litigant in the cross-examination of a witness of the opposite party adduces facts material to the issues on trial and then, for the purpose of destroying the credibility of such witness, introduces perjured testimony to deny the existence of such facts, it becomes proper rebuttal to expose the perjury.

New trial on ground of surprise denied.

 3. There is no such showing of surprise that it may be held an abuse of discretion to deny a new trial on that ground.

No reversal on appeal because of admission of evidence on rebuttal, when.

 4. That on rebuttal evidence is received which should have been offered in chief is not reversible error, unless it appears that the party against whom it is directed is prejudiced.

No misconduct of prosecutor.

 5. There was no misconduct either of county attorney or the trial court, and the charge was fair and substantially correct.

Defendants were indicted by the grand jury of Blue Earth county charged with violating the provisions of G. S. 1913, § 8715, tried in the district court for that county before Comstock, J., and a jury which found them guilty as charged in the indictment. From an

[1]Reported in 193 N. W. 303.

order denying their motion for a new trial, defendants appealed. Affirmed.

*Regan & Grogan* and *C. J. Laurisch*, for appellants.

*Clifford L. Hilton*, Attorney General, and *Charles E. Phillips*, County Attorney, for respondent.

HOLT, J.

Defendants were convicted of the offense defined by section 8715, G. S. 1913, and appeal from the order denying a new trial.

The indictment charged defendants with receiving part of their support from Mazine Dauer, engaged in prostitution, in that they received from her about $100 between September 13, 1921, and November 4 following, well knowing that she earned said money by prostitution.

The sufficiency of the evidence is challenged. Maxine testified that, in the early part of September, 1921, she took a room from defendants, who were conducting a rooming house in Mankato, Minnesota, under an arrangement whereby she was to pay defendants $2 for every man they sent up to her room and from whom she received a price for her prostitution; that accordingly men were sent up, and she paid over to each defendant, in all, about $50 during the time in question. Defendants not only denied the arrangement and the receipt of any money, but testified that they never knew that the woman was engaged in illicit business in their establishment until the first week in November, 1921, when at once she was put out. The entire record has been examined, and we are satisfied that upon the conflicting evidence the jury were justified in finding defendants guilty, and that this court is not warranted in setting aside the verdict approved by the trial court. Maxine's credibility was for the jury, even though she confessed being immoral and revengeful.

In the reception of two items of evidence, over objections, defendants earnestly contend prejudicial error occurred. In the cross-examination of Maxine, defendants' counsel got her to testify that Troskey had sent one Cuddling to her room for illicit purposes and

received part of the pay therefor from Cuddling. Then, as part of the defense, Cuddling was called and testified that he never was in Maxine's room, never had illicit relations with her, and never paid money to either her or Troskey. In the evening of the day he had so testified, Cuddling sought and obtained an interview with the county attorney, at which he informed the latter that the testimony he had given was false and that Maxine's was true. The next day, June 22, 1922, on rebuttal, the state called Cuddling as a witness, who at first adhered to what he had testified the day before; but, when the court gave the county attorney leave to put leading questions to the witness, the admission was obtained that his previous testimony was false, and that he had paid money and had relations with Maxine precisely as she had testified. It is claimed that this was hearsay and not rebuttal. As to Troskey it was not hearsay, at least not that which occurred between him and Cuddling. If it was not strictly rebuttal, defendants made it so. They injected Cuddling into the case, evidently for the purpose of discrediting the main witness of the state. When this purpose had apparently been accomplished, the county attorney was informed that the means used had been perjury. There was then but one course to pursue, namely, to lay the matter before the court and jury to the end that the perjury, if found to exist, might not affect the verdict.

But it is argued that Cuddling's change of testimony was a surprise to the defense, and therefore a new trial should have been granted. A new trial on this ground is addressed to the court's discretion, and it is impossible to see an abuse of discretion here. Miller v. Layne, 84 Minn. 221, 87 N. W. 605. No doubt the counsel for defendants were greatly surprised, but defendants have made no attempt to show that they had good reason to be surprised. Cuddling, admittedly, perjured himself one of the times on which he testified. If he so did when he was first called, defendant Troskey not only knew it, but the inference is unavoidable that there had been subornation of perjury by one or both of defendants. If such were the case the surprise of their attorneys surely does not call for a new trial. No litigant is entitled to retain the benefit of perjured testimony. The court did not err when the county attorney was

allowed to lead or cross-examine Cuddling. State v. Shea, 148 Minn. 368, 182 N. W. 445.

The other item of evidence claimed to have been erroneously received was this: On rebuttal the state was permitted to show illicit relations between each of defendants and Maxine in her room during the first or second weeks of her occupancy. The state had the burden of proving that defendants knew the money received from Maxine was the proceeds of her prostitution. Hence the evidence would have been proper enough in making out a case in chief, but we think no reversible error was committed in receiving the same in rebuttal of the testimony, given by each defendant, that they never knew of any immoral practices on the part of Maxine in the room until the first week in November. Evidence proper in chief may be permitted in rebuttal, in the discretion of the court. State v. Cantieny, 34 Minn. 1, 24 N. W. 458; Minnesota & D. Cattle Co. v. Chicago & N. W. Ry. Co. 108 Minn. 470, 122 N. W. 493.

There is a claim of misconduct on the part of the county attorney, grounded principally on the offer of the evidence already referred to. The claim is without merit.

The contention also is made that the trial court unduly restricted counsel's argument, and erred in the instructions to the jury. We are not persuaded that there was error in either respect. It is evident that the only part of the argument of counsel which the court intended to caution the jury against was the suggestion that the owners of the premises occupied by defendants were interested in the result. This was a matter given no attention in the evidence, having no bearing upon defendants' guilt or innocence, and furnishing no proper basis for an argument to the jury. The charge appears full and clear. And there was no substantial departure from experience and correct legal principles in this statement to which exception is taken: "One of the tests for determining the credibility of a witness is his interest in the result of the case. As a general rule a witness who is interested in the result of a suit will not be as candid and fair in his testimony as one who is not so interested, but the degree of credibility to be given to each and to all of the witnesses in

the case are questions for the jury alone in view of all of the evidence in the case."

No other assignment of error seems to us to require discussion. They have all been examined.

The order is affirmed.