GREENHUT CLOAK COMPANY v. GABRIEL A. ORECK and Others.[1]

July 9, 1915.

Nos. 19,319—(223).

**Statute of frauds — verbal order for articles to be made.**

1. An order for the manufacture of certain goods for delivery in the

1 Reported in 153 N. W. 613.

future is not within the statute of frauds and void because not in writing. Schloss v. Josephs, 98 Minn. 442, followed and applied.

**Contract — breach — remedy of seller.**

2. Upon acceptance by the manufacturer, such an order becomes a contract between the parties and, for a breach thereof by the buyer of the goods, the seller may retain the goods and recover as damages the difference between the market value and the contract price as of the date delivery was required by the contract to be made.

**Verdict sustained by evidence.**

3. The evidence supports the verdict to the effect that defendants breached the contract without justification, and that the damages awarded are not excessive; the amount being within the limits fixed by the evidence as the market value of the nonaccepted goods.

**Evidence of value.**

4. The seller in such case may in good faith and with reasonable diligence sell the goods and the price received on such sale is evidence of their market value.

**Burden of proof.**

5. The rule that the burden of proof is upon the party alleging a fact in his pleading applied, and the burden *held* to be upon defendants to show that the goods in question did not correspond to the samples by which they were guided in giving the order; such failure being alleged by defendants in justification of their refusal to accept the goods.

**New trial.**

6. The court did not err in denying a new trial on the ground of newly discovered evidence, and the record presents no reversible error.

Action in the district court for St. Louis county to recover $1,709.-79 for breach of contract. The case was tried before Cant, J., and a jury which returned a verdict for $1,587.15. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*O. J. Larson* and *M. E. Louisell,* for appellants.

*Alford & Hunt, Warner E. Whipple* and *Frank E. Randall,* for respondent.

BROWN, C. J.

Plaintiff is a corporation, organized under the laws of the state of

130 M.—20.

Ohio, and engaged in the manufacture of ladies' cloaks for sale to the retail trade. The evidence shows that the company carries no general stock of such goods, but manufactures the same in pursuance of orders received from retail dealers throughout the several states, including Minnesota. On April 14, 1913, defendants, a copartnership doing business at Duluth, this state, gave to plaintiff an order or request for the manufacture of a large quantity of ladies' cloaks, of various sizes, styles and colors, amounting in value and agreed price to $2,797.25. The order was accepted, and the goods were to be manufactured and delivered to defendants in June following. An itemized statement of the order was made by plaintiff at the time which disclosed the kind and character of cloaks to be manufactured; a copy thereof was furnished to defendants. This itemized statement contained the clause: "The goods being made to order no countermand accepted." On May 24, 1913, a like order was given by defendants for the manufacture of certain other cloaks, the amount and agreed price of which was $538.25. The order was accepted by plaintiff. The evidence further tends to show that plaintiff immediately commenced the manufacture of the goods, and had completed the greater portion thereof when defendants countermanded the order as presently to be stated; the balance was then in process of manufacture. The delivery of the goods, originally fixed for some time in June or July 1, was postponed to September 1, at the request of defendants, because of lack of room in their retail establishment. Defendants countermanded the orders and refused to accept the goods and wholly rejected the same on July 29, and plaintiff thereafter brought this action to recover damages for their alleged breach of the contract. Plaintiff had a verdict and defendants appealed from an order denying their motion for judgment or a new trial.

Under the various assignments of error defendants present three principal contentions, namely: (1) That the contract, not having been reduced to writing and signed by the parties, was within the statute of frauds and unenforceable, therefore that judgment should be ordered for defendants; (2) that the verdict is not sustained by the evidence, and that the damages awarded by the jury are excessive; (3) that the court erred in its instructions to the jury, par-

ticularly upon the question of burden of proof. The other assignments challenge the rulings of the court upon the admission and exclusion of evidence, and will be referred to in their order.

1. The contention that the contract was within the statute of frauds and void is disposed of by the case of Schloss v. Josephs, 98 Minn. 442, 108 N. W. 474. The facts disclosed by the record bring the case within the rule there laid down. In that case, as in the case at bar, there was a verbal order for the manufacture, for future delivery, of certain articles of clothing, which order the buyer before the date of delivery countermanded or rescinded, and refused compliance with the contract. The point was there made that since the order was not in writing the contract was within the statute and unenforceable. The point was not sustained. A further consideration of the question presents no sufficient reason for departing from that decision and we follow the rule there applied. The evidence is clear that the orders were for the manufacture of the goods and not one of purchase from plaintiff's general stock.

2. The contention that the verdict is not supported by the evidence and that the damages awarded to plaintiff are excessive, is not sustained. We find in the record ample evidence, the truth of which was for the trial court and the jury to determine, to sustain the conclusion reached, and, though the damages seem large, we discover no sufficient reason for interference.

According to plaintiff's theory and claim the orders for the goods called for their manufacture to correspond to the kind and quality. designated by defendants; a character of goods suitable to their trade. Defendants claimed on the trial: (1) That the order was conditional; that by the terms of the contract plaintiff agreed within a few days after the order was given to furnish defendants with samples of the goods; that the samples were not furnished within the time agreed upon, and not until late in the season; and that those furnished did not correspond with the samples exhibited at the time the order was given, by reason of which defendants claimed under the contract the right to countermand or rescind the orders, and that the notice to that effect given to plaintiff on July 29 effectually terminated the contract. These claims were put in issue by the

plaintiff, and the evidence thereon presented issues for and were properly submitted to the jury. Of course if defendants reserved the right of countermanding the order if plaintiff failed to furnish the samples within the time agreed upon, or those in fact furnished did not correspond with those exhibited at the time the contract was entered into, defendants'. position would be sound, and their act in countermanding the order would constitute a full and complete de-fense to the action. But the jury found this defense not sustained by the evidence, and we are controlled thereby. If the defendants' answer may be construed as presenting other grounds for the al-leged right of cancelation of the contract, they were not submitted to the jury, there was no request to submit them and the right of cancelation must be limited to the issues actually submitted to the jury, as heretofore stated.

It is settled law that for the breach of a contract of this kind, the seller has the election of three remedies: (1) He may retain the goods for the use of the buyer and sue for the purchase price; (2) he may sell them as agent for the buyer and recover any de-ficiency resulting therefrom; or (3) he may retain the property as his own and recover the difference between the contract price and the market value at the time fixed for delivery to the buyer. Van Brocklen v. Smeallie, 140 N. Y. 70, 35 N. E. 415; Pratt v. S. Freeman & Sons Mnfg. Co. 115 Wis. 648, 92 N. W. 368. The rule is stated as one of general application, to which there may be exceptions, depending upon the facts of the particular case.

Plaintiff adopted the third of the remedies stated, and sought to recover the difference between the contract price and the market value at the time agreed upon for delivery. In this view the case was submitted to the jury, and in point of substance corresponds with the theory of the complaint. It appears from the evidence, and the jury were justified in finding, that plaintiff is a manufacturer of goods of this character, that it keeps no general stock thereof on hand, and manufactures the same pursuant to orders similar to that given by defendants. These orders are received long in advance of the season when the goods will be placed in the retail stores and exposed for sale to the public. In this case the goods were manu-

factured in particular designs, sizes and colors, and undoubtedly were adapted to the particular trade of defendants. The evidence also shows that plaintiff was unable to make a re-sale of the goods in bulk to any other dealer, and was forced to dispose of them to the best advantage. The market value of the goods at the time of delivery was shown, and the amount of the verdict is in harmony therewith. Plaintiff sold the goods after repeated efforts to induce defendants to accept them, and the amount received from such sale was properly received in evidence as tending to show the market value. Bigelow v. Legg, 102 N. Y. 652, 6 N. E. 107; Pratt v. S. Freeman & Sons Mnfg. Co. supra. The fact that the sales were not made at Duluth, the place of delivery, or at the time of delivery, does not render the evidence inadmissible. Cohen v. Platt, 69 N. Y. 348, 25 Am. Rep. 203. It sufficiently appears that the sales were made in good faith, in the best attainable market, and with reasonable diligence. Smith v. Pettee, 70 N. Y. 13. By some of the authorities it is held that, where such re-sale is conducted after notice to the purchaser, the price received thereon is conclusive of the market value. 2 Meechem, Sales, § 1643. Such, however, was not the claim in the case at bar and the evidence was received only as tending to establish the market value, and it was competent for that purpose. There is much force in the contention of counsel for defendants that since the goods were newly manufactured, had never been out of the possession of plaintiff, a sale thereof at a sacrifice would seem wholly unnecessary. But the facts were before the court below, the kind, character and styles of the goods were fully laid before the jury, and we are not justified in overturning their judgment that the disposition made of the goods was to the best advantage, and fairly and in good faith. As already noted goods of this character are by plaintiff manufactured in advance of the season, and it is not at all improbable that all the trade customers of plaintiff had been fully supplied, rendering a sale of those here involved to such customers out of the question. And we conclude on this branch of the case that the approval of the verdict by the trial court, both upon the issues as to the contract and its terms and provisions,

and the amount of the verdict, cannot within the rule guiding us in such cases be disturbed.

3. The trial court charged the jury that:

"The burden of proof is upon the defendants to show that the samples were not furnished within a reasonable time, if samples were to be furnished under the contract, and to show that if furnished and when furnished, the samples were not similar to those which had been exhibited at the time of the respective sales."

This instruction is assigned as error, and as prejudicial to 'the rights of defendants for the reasons: (1) That the evidence is conclusive that samples were to be furnished, and that the instructions erroneously submitted the question to the jury; and (2) that the court thereby improperly cast upon defendant the burden of showing a noncompliance with the contract by plaintiff. We do not concur in these contentions. The question whether the contract, as originally entered into by the parties, provided for samples to be displayed by defendants in their store, or to enable defendants to determine whether the goods when delivered would correspond to those ordered, was a fair issue of fact and properly sent to the jury. Upon the other branch of the instruction, the burden of proof, the case is controlled by the general rule that he who affirms or alleges a fact must prove it. 1 Dunnell, Minn. Dig. § 3468. This action was for damages for a breach of the contract; the complaint alleged the contract, the breach thereof by defendants, and the damage resulting from such breach. Defendants alleged in defense, and to exculpate them from the charge of breaching the contract, that it was orally agreed between the parties that samples of the goods should be furnished defendants within eight or ten days; that plaintiff failed to do so, and unreasonably delayed the same; that when they were subsequently furnished they were found not in accordance with the contract, that they were unsatisfactory, because of all of which defendants elected to cancel the contract. Defendants thus in effect admitted the contract, alleged facts in justification of their refusal to perform it, and the burden was clearly upon them to establish such justification. Gachete v. Warren & Burch, 72 Ala. 288; Brigham v. Retelsdorf, 73 Iowa, 712, 36 N. W. 715. This

is in harmony with the general rule that when a defendant pleads new matter in justification or avoidance he has the burden of proving his allegations. 1 Dunnell, Minn. Dig. § 3469; 2 Chamberlayne, Ev. § 946. The question would perhaps present a different aspect had the action been brought upon the contract, and to recover the contract price of the goods. Williston, Sales § 255. But the action was for damages for a breach of the contract, and the defense interposed was in justification of such breach. We therefore hold, on the issues as presented by the pleadings, that the instructions of the court were correct. It is true that in addition to the special defense referred to the answer contained a general denial, but such denial necessarily was qualified and limited by the special defense of new matter in justification. First Nat. Bank of Shakopee v. Strait, 71 Minn. 69, 73 N. W. 645.

4. The other assignments do not require extended mention. We discover no error in the rulings upon evidence of a character to justify a reversal. The charge of the court taken as a whole, though to some extent and in certain respects argumentative, was clear and eminently fair, and not open to serious exceptions by either party. Insofar as it may be said to be argumentative, the remarks of the court applied equally to both parties, and there was no prejudicial error.

5. The motion for a new trial on the ground of newly discovered evidence was addressed to the discretion of the trial court, in the exercise of which we discover no abuse. The new evidence is not of a character to justify the conclusion that if presented on a new trial the result would be changed, and for the most part is cumulative. There was no error in denying the motion upon this ground.

Order affirmed.