GREENHUT CLOAK COMPANY v. GABRIEL A. ORECK AND OTHERS.[1]

April 7, 1916.

Nos. 19,591—(34).[2]

**Dismissal of appeal.**

1. Appellant cannot dismiss an appeal by merely serving a notice of dismissal upon respondent. [Reporter.]

**Affirmance under Rule 12.**

2. Order and judgment affirmed under Rule 12 for failure to serve record and brief, and three per cent penalty added to the judgment on the ground that the appeal was taken merely for delay. [Reporter.]

After the former appeal reported in 130 Minn. 304, 153 N. W. 613, judgment was entered in the trial court upon the verdict, and defendants appealed

1 Reported in 157 N. W. 327.
2 April, 1916, term calendar.

from the judgment and from an order, Cant, J., denying their motion for an order requiring plaintiff to show cause why defendants should not be allowed to make a motion for a new trial. On April 1, 1916, defendants served upon plaintiff a notice of dismissal of the appeal. At the call of the calendar on April 4 plaintiff moved to have the judgment and order affirmed under Rule 12 and for a three per cent penalty for an appeal taken purely for delay. Affirmed under Rule 12 and three per cent of the amount of the judgment allowed to plaintiff pursuant to G. S. 1913, § 7990.

*M. E. Louisell*, for appellants.
*Whipple & Randall*, for respondent.

PER CURIAM.

Plaintiff recovered a verdict against defendants. Defendants moved for a new trial which was denied, and this ruling was affirmed by this court on appeal. Greenhut Cloak Co. v. Oreck, 130 Minn. 304, 153 N. W. 613. On July 22, 1915, the mandate from this court was filed in the district court, and on July 26, 1915, judgment on the verdict was rendered in the district court. Thereafter and on the same day, defendants procured an order to show cause why the judgment should not be vacated and defendants permitted to renew their motion for a new trial upon the ground of alleged newly discovered evidence; and also procured an order staying the enforcement of the judgment until the hearing of their motion. On August 23, 1915, the district court made an order denying the motion. On September 15, 1915, defendants appealed from the judgment and from the order of August 23, 1915, and filed a *supersedeas* bond. The case was placed upon the calendar for the October term, but as the appeal had been taken less than 30 days before the opening of the term, it was stricken from that calendar at the instance of defendants. It was placed upon the present calendar as required by the rules. On April 1, 1916, defendants served a notice upon plaintiff's attorneys purporting to dismiss the appeal. At the call of the calendar on April 4, 1916, plaintiff asked to have the judgment and the order appealed from affirmed under Rule 12, for the reason that defendants had served no record and no points or authorities, and also asked for an allowance of three per cent of the amount of the judgment, under section 7990, G. S. 1913, on the ground that the appeal was taken merely for the purpose of delay.

Defendants could not dismiss the appeal by merely serving a notice of dismissal upon plaintiff, and the notice given by them was of no effect. See cases cited in 1 Dunnell, Minn. Dig. § 464.

As no record and no points or authorities have been served and no excuse for failure to serve them has been presented, plaintiff is entitled to an affirmance under Rule 12,[1] and as the court is of opinion that the appeal was taken merely for delay, it is ordered that the judgment and order appealed

[1][120 Minn. XXVI, 145 N. W. VIII]

134 M.—30.

from be affirmed and that in addition to costs and disbursements plaintiff be allowed three per cent of the amount of the judgment under and pursuant to section 7990 of the General Statutes of 1913.