## FRED J. KUSKE v. FRANZ JEVNE AND ANOTHER.[1]

October 11, 1929.

No. 27,430.

[1]Reported in 226 N. W. 938.

*Manahan, Hoogesteger & Manahan,* for appellant.

*W. V. Kane, Leonard Blomholm* and *Frank Palmer,* for respondents.

WILSON, C. J.

Plaintiff appealed from an order denying his alternative motion for judgment or a new trial.

The facts are stated in 174 Minn. 484, 219 N. W. 766. Upon the second trial the court submitted to the jury the question whether the written guaranty, exhibit A, being exhibit D to the complaint, reached the bank before it closed. This related to its acceptance, the claim being made by defendants that the guaranty never reached the bank while in operation and hence could not have been accepted. The jury found in their favor. The evidence sustained this finding.

The undisputed evidence is that the guaranty was not signed until February 6, 1923, which was three days after the bank closed, and it was some time later before it was found in the files of the bank. The claim that the guaranty was made in response to a request from the bank and hence did not require an acceptance is sufficiently answered by the fact that the guaranty contract submitted by the bank was materially changed by defendants before signing it. As executed and mailed to the president of the bank it was in substance a new proposition and an acceptance was necessary.

Plaintiff's case rested upon the alleged written guaranty. The trial court ruled in the trial of the case that if plaintiff proved the

bank's acceptance of the guaranty the defendants were to be held liable. He so instructed the jury. The court excluded certain correspondence. Some of the letters offered were written by defendants in 1921 and 1922 and one in January, 1923. While none of these letters referred to the mortgage in this action, a few of them made reference to some apparent obligation in relation to certain mortgages. Most of them relate to specific guaranties thereof. The evidence shows there were about 50 specific guaranties between defendants and the bank. In one letter it is stated: "We stand behind all of these loans." The exclusion of these exhibits is assigned as error. The purpose of the offer was to show an admission of a prior contract, which plaintiff claimed the parties had in mind when they wrote in the guaranty, exhibit A: "in accordance with our previous agreement which has existed for a number of years last past." Plaintiff claimed that this quoted clause was ambiguous and offered these exhibits in explanation thereof and also to show a prior "oral or informal contract" covering prior loans. The court correctly excluded the exhibits because there was no ambiguity in the guaranty and in and of itself it covers loans made prior to the time of the contract as well as loans made subsequent to the contract. The excluded exhibits were insufficient to prove a previous agreement identical in terms with exhibit A. But if so, plaintiff was not standing upon such. The basis of his cause of action is exhibit A as indicated in the complaint and in the trial of the case.

■ Plaintiff claims that defendants are estopped to deny that there was a valid and enforceable contract of guaranty. This is based upon the claim that the evidence shows that defendant Jevne told plaintiff's agent that he felt inclined to take over the mortgage and would talk to Norton about it; and that defendants wrote a letter June 11, 1923, to plaintiff's agent in relation to a Montgomery mortgage wherein it is stated:

"It is true as you state that we guaranteed payment of this mortgage and we will be responsible for it. However, according to the terms of our guaranty, we are obligated to pay the mortgage only

after it has been foreclosed and the time for redemption expired so that title may be delivered to us."

Plaintiff's agent answered the letter in relation to the Montgomery mortgage and stated: "If any of these mortgages are not redeemed, I trust promptly on or before 30 days after date of redemption you will take up the indebtedness and reimburse us and all costs, expenses, and interest up to that date, as per your guarantee agreement to the bank or its clients."

This letter was not answered. The record is insufficient to support the assertion that defendants were silent when it was their duty to speak or that plaintiff in reliance upon the words or conduct of defendants has changed his position for the worse. Plaintiff claims that upon such reliance he foreclosed the mortgage and bid the land in for the full amount. He offers no proof as to its value. The court correctly ruled that the doctrine of estoppel was not in the case.

■ Shortly after the commencement of the trial plaintiff's counsel announced the discovery that one of the jurors was a brother-in-law of one of defendants' counsel and moved for an order directing a mistrial. The juror had been examined but not as to his relation to counsel. The peremptory challenges being exhausted, defendants' counsel offered to excuse the juror and proceed with eleven jurors. Plaintiff's counsel would not consent to this, and the court's denial of the motion is now assigned as error. This relationship was a statutory ground of challenge for implied bias, and failure to inquire in reference thereto to learn the facts constitutes a waiver of the right to challenge. The unethical conduct of defendants' counsel is not controlling here. It is always better that the jury be selected with such candor and fairness that the public as well as the parties may confidently feel that what is right for one side is fair for the other side.

■ The order denying the motion for a new trial on the ground of newly discovered evidence has been carefully considered. A detailed statement would not be helpful. Such a motion rests largely in the discretion of the trial court. It is to be granted with caution,

5 Dunnell, Minn. Dig. (2 ed.) § 7123, and only when the evidence is such as will likely change the result, and only to remedy a manifest injustice. 5 Dunnell, Minn. Dig. (2 ed.) § 7131. The showing was insufficient.

Affirmed.

