## LORRAINE LeVEAUX v. HOLT MOTOR COMPANY AND ANOTHER.[1]

October 17, 1930.

No. 27,991.

*P. A. Wells,* for appellant.

*A. L. Dretchko,* for respondent.

[1] Reported in 232 N. W. 622.

HILTON, J.

This is an appeal from an order of the municipal court of the city of Minneapolis denying defendant company's alternative motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff brought this action against the Holt Motor Company, a corporation, hereinafter referred to as defendant, and R. J. Taylor, one of its employees, to recover $750, the alleged value of her Durant automobile, which she claimed was unlawfully taken from her possession by defendants and converted by them. The action was later dismissed as to the defendant Taylor.

Evidence which the jury was justified in believing discloses the following facts: Plaintiff was the owner of a Durant car. On January 14, 1929, Mitchell, an agent of the defendant, and one McCurn, a friend of plaintiff, called at her residence in the city of Minneapolis and made inquiry regarding the registration card covering her car. Plaintiff informed them that she had lost or mislaid it, and Mitchell offered to obtain a duplicate thereof. Plaintiff was induced to sign a paper which Mitchell stated was an application for a duplicate registration card but which was in fact a bill of sale. The bill of sale when signed did not show the name of the purchaser. Afterwards the name of the defendant was inserted.

The Durant car thereafter became involved in a three-cornered deal in which it, a Packard, and a Chrysler were exchanged. At the time this action was brought the defendant had sold the Durant to an innocent third party.

The court charged the jury that if there was fraud on the part of defendant's agent in procuring the signature of plaintiff to the bill of sale, plaintiff was entitled to a verdict, otherwise they should find for the defendant.

■ The defendant claims that the court erred in permitting plaintiff, over its objection, to change her cause and form of action from an action in replevin to one in conversion. After all the evidence was in and prior to the charge of the court and in the absence of the jury, counsel for defendant asked that the matter be settled as to whether the action was one in replevin or one in conversion. The

court directed plaintiff to state her position, and she chose to stand upon an action in conversion. Defendant secured what it asked for (an election) but now claims that the foregoing proceeding constituted error. It cites in support of its claim the case of Grice v. Berkner, 148 Minn. 64, 180 N. W. 923. A mere reading of this case discloses that it does not support defendant's position. The situation was entirely different. It also cites Lindquist v. Gibbs, 122 Minn. 205, 142 N. W. 156; and Olson v. Shephard, 165 Minn. 433, 206 N. W. 711. These cases are not in point. In each there was an attempt to change on appeal to this court the theory upon which the trial was had.

As stated by the trial court, the action sounded in both replevin and conversion. The complaint was broad enough to cover either. It directly alleged conversion; but the relief asked was for a return of the property or, in case return could not be had, then for the value thereof. A recovery was permissible under such a complaint. 2 Dunnell, Minn. Dig. (2 ed.) § 1952.

■ The giving of the following instructions is also assigned as error:

"There is no question in this case, under the testimony that we have, but what the plaintiff actually owned this automobile on January 14, 1929. It was her car. * * * There is no question in this case either but what Mr. Mitchell, in his acts with reference to this transaction, was the agent of Holt Motor Company."

A careful examination of the evidence leads us to the conclusion that the court was amply justified in giving these instructions. A finding of the jury to the contrary would not, in our opinion, have sufficient support. There was no evidence, direct or implied, that anyone other than plaintiff was the owner of the car. She testified that she was the owner and when, where, and how it was obtained, from whom purchased, and the amount paid. There was no evidence to the contrary. It was registered in her name and was in her possession. No one else claimed to own it. No inference could properly be drawn by the jury that would justify a finding that the ownership was other than in plaintiff.

Relative to Mitchell's being an agent of defendant, it is to be noted that Mitchell (defendant's witness) received his commission in the deal from it and no remuneration from anyone else. He had had other dealings with defendant relative to cars. By his efforts the Durant came into the possession of defendant, and it was by means of the bill of sale secured by him that the car became registered in its name and was sold by it. The charge in this regard was proper.

■ Affidavits alleging newly discovered evidence were submitted in support of defendant's motion for a new trial. The affidavits consisted largely of contradictory and impeaching evidence. "Newly discovered evidence which merely contradicts or impeaches a witness is no ground for a new trial, except in extraordinary cases." 5 Dunnell, Minn. Dig. (2 ed.) § 7129. The granting of a new trial on the ground of newly discovered evidence is very largely addressed to the discretion of the trial court, and the only inquiry of the appellate court is whether there was a manifest abuse of judicial discretion. There was none here. 5 Dunnell, Minn. Dig. (2 ed.) § 7125. It is also to be noted that there is no sufficient showing that defendant used due diligence in seasonably discovering the so-called newly discovered evidence as such diligence is defined in Bradley v. Norris, 67 Minn. 48, 69 N. W. 624. See also Hoppe v. Boulevard Transportation Co. 172 Minn. 516, 215 N. W. 852.

We have carefully examined the other assignments of error and find no ground for reversal.

Affirmed.