## CECIL M. MILLIREN v. FEDERAL LIFE INSURANCE COMPANY.[1]

April 8, 1932.

No. 28,823.

[1]Reported in 242 N. W. 290.

O. J. Finstad, R. L. Palmer, Doherty, Rumble, Bunn & Butler, and Edgar G. Vaughan, for appellant.

George P. Gurley and Eli R. Lund, for respondent.

HOLT, J.

Defendant appeals from the order denying its motion in the alternative for judgment notwithstanding the verdict or a new trial.

The action is upon an accident insurance policy issued by defendant to the wife of plaintiff, payable to him in case of her death "resulting directly and independently of all other causes, from bodily injuries sustained through external, violent, and accidental means * * *." Plaintiff claimed that on November 22, 1928, when this policy was in force, the insured sustained bodily injuries through external, violent, and accidental means by the wrecking of a private motor-driven car, in which she was then riding, from which directly and independently of all causes she died on December 4, 1928. There appears to be no controversy as to the policy being in effect, that she suffered an injury in an automobile collision, she being a passenger in one of the cars owned and driven by plaintiff, and that due proof of death was timely made. The defense was that the insured had tuberculosis, was pregnant, and suffered a miscarriage, and that these conditions caused or contributed to bring on bronchial pneumonia resulting in death.

The evidence showed that plaintiff with his wife and children went in a Ford touring car from their home near Pipestone to visit some relatives in the northern part of the state, and that as they

were returning from said visit plaintiff's car collided with another car a few miles from Alexandria. The collision was so severe that two of the children were thrown from the car, and the patella of Mrs. Milliren's right knee was fractured badly, an open wound laying bare the fractured bones. She was taken to a hospital in Alexandria and her wounds dressed. She was pregnant and suffered some from the shock, complaining of pains in the back and pelvic region besides the pain in the knee. There was some evidence of a blow or injury on the chest. Two days later, under morphine, the doctors operated on the knee, setting the fracture and placing the leg in a plaster cast. Thereafter she started coughing, her temperature rose, and she had vomiting spells. She was worried. On the 25th of November she was taken home in an auto. The next day the doctor found her in considerable distress. She continued to get worse and on November 30 developed definite symptoms of bronchial pneumonia. On December 2 she was prematurely delivered of a child and two days later died. Defendant's evidence tended to prove that she had tuberculosis and that said disease was a coöperating or contributory cause of her death; also that the jostling and exposure of the 200-mile auto trip from Alexandria to Pipestone incited the premature delivery and that these matters alone or in coöperation with the collision injuries brought on the bronchial pneumonia and death. The medical experts called by plaintiff gave the opinion that the injuries received in the accident were the sole, direct, and independent cause of her death; that she did not have tuberculosis; and that a tubercular person is even less susceptible to bronchial pneumonia than one free from that affliction; hence that it could not be considered a contributory cause of death.

The law applicable to a policy like the one at bar is adequately discussed and announced in White v. Standard L. & A. Ins. Co. 95 Minn. 77, 103 N. W. 735, 736, 884, 5 Ann. Cas. 83. See also Gardner v. United Surety Co. 110 Minn. 291, 125 N. W. 264, 26 L.R.A.(N.S.) 1004; and Thorne v. Aetna L. Ins. Co. 155 Minn. 271, 193 N. W. 463. The rule is thus stated in the White case [95 Minn. 80]:

"If the injury be the proximate cause of death, the company is liable, but, if an injury and an existing bodily disease or infirmity concur and coöperate to that end, no liability exists. If, however, the injury be the cause of the infirmity or disease—if the disease results and springs from the injury—the company is liable, though both coöperate in causing death."

The jury could find that Mrs. Milliren did not have tuberculosis of the lungs, or that if she had it was not a contributing or coöperative cause of her death. Her pregnancy cannot be termed a bodily disease or infirmity. No fault could be found with the jury for tracing the premature labor to the shock, nervousness, and pain resulting from the accident rather than to the existence of any disease. Of course the burden was on plaintiff to prove that death resulted solely from external, violent, and accidental means. Garbush v. Order of U. C. T. 173 Minn. 191, 217 N. W. 123. The instructions of the learned trial court were clear and full to that effect, and defendant assigns no error upon the charge. We are of the opinion that the evidence made it a fair jury issue whether or not plaintiff had proved that the insured died directly and independently of all other causes from bodily injuries sustained through external, violent, and accidental means in the auto collision mentioned; and in our opinion the verdict is sustained by the evidence and cannot be held to be based upon speculation and conjecture. Where some time elapses between an accidental injury and death, it is perhaps rarely that the causal connection is so clear as demonstrably to exclude every suggestion of a contributing cause in the inherent condition of the person or to error of judgment in his treatment for the injury. It is enough if there is a reasonable basis in the evidence for the conclusion reached by the jury.

Defendant also assigns errors upon certain rulings admitting and excluding testimony. The first relates to Dr. Brown, the family physician, who had made out a sick benefit certificate for Mrs. Milliren some time before the accident occurred, had attended her in previous confinements and who cared for her after the accident upon her arrival home until her death. He issued the death certificate, wherein the cause of death was given as follows:

"Fracture of Patella Compound in auto accident followed in few days by Bronch Pneumonia, pregnancy 8th month with labor and premature delivery. Contributory (Secondary) Chronic T. B. about 2 years."

Over objections the doctor was allowed to testify that he never made an examination from which he ascertained that Mrs. Milliren was afflicted with tuberculosis; that he inserted what he had heard in that respect for purposes of vital statistics.

Such certificates are required by statute, G. S. 1923, § 5357, as amended, 1 Mason, 1927, id. and by statute, G. S. 1923 (1 Mason, 1927) § 5366 are "prima facie evidence of the facts therein stated." But they do not prove facts therein stated on hearsay nor conclusions drawn by the person who signed it. In re Estate of Olson, 176 Minn. 360, 223 N. W. 677; Backstrom v. New York L. Ins. Co. 183 Minn. 384, 236 N. W. 708. Nor should they be any more conclusive on the beneficiary than a physician's certificate of death made a part of the proof of death which, under the terms of the insurance policy, was furnished defendant. As to recitals on information or hearsay the certificate may be contradicted. Laury v. N. W. Mut. L. Ins. Co. 180 Minn. 205, 230 N. W. 648, 231 N. W. 824, and cases there cited. The court did not err in the ruling referred to.

Dr. Rees, a qualified medical expert called by plaintiff, gave his opinion that the injury received in the collision caused Mrs. Milliren's death directly and independently of all other causes, and over objections was permitted to give his reasons for the opinion testified to. The authorities sustain the ruling. 22 C. J. 722, § 812; 11 R. C. L. 645, § 61; 1 Wigmore, Ev. (2 ed.) § 562; Quincy G. & E. Co. v. Schmitt, 123 Ill. App. 647; Kendall's Exec. v. Collier, 97 Ky. 446, 30 S. W. 1002; Johnson v. Bangor Ry. & Elec. Co. 125 Me. 88, 131 A. 1; Keith v. Lothrop, 10 Cush. (Mass.) 453; Pyle v. Kansas City L. & P. Co. (Mo. App.) 246 S. W. 979; G. W. T. & P. Ry. Co. v. Abbott (Tex. Civ. App.) 146 S. W. 1078, certiorari denied by supreme court. In giving the reasons for the opinion the testimony of the expert, in the nature of things, appears argumentative. And

the court rightly refused to strike as argumentative the answer of Dr. Rees, wherein he fully stated the reasons for the opinion he gave that the injury received from the collision was the sole direct cause of death independently of any other cause suggested by the evidence of defendant. The motion to strike the answer was further made on the ground that "it is an improper recitation of the evidence upon which he based his opinion or conclusion." The answer asked to be stricken covers nearly two pages of the printed record; and counsel made no effort to point out what part he deemed not to be a true recital of the evidence upon which he predicated his opinion. Plaintiff's and defendant's evidence differed vastly as to Mrs. Milliren's condition subsequent to the injury. And where conflict existed the expert called by plaintiff might well assume plaintiff's evidence to be true.

It clearly was proper to get the opinion of Dr. Rees as to the cause of the premature delivery of the child and to obtain his reasons for that opinion.

Plaintiff, over defendant's objection, was permitted to ask Dr. Rees to assume that Mrs. Milliren had tuberculosis of the lungs, and on that basis to give his opinion as to whether or not that disease would have contributed to or coöperated with the injury to cause bronchopneumonia. Error is assigned on the ruling. Plainly it was right. The chief defense was that Mrs. Milliren had tuberculosis of the lungs and that such disease coöperated with the injury to subject her to bronchopneumonia. Now, even if plaintiff had failed to prove that she was free from tuberculosis, still if that disease did not predispose to bronchopneumonia, but, as Dr. Rees asserted, made her more immune to bronchopneumonia than if she did not have tuberculosis, the jury, if the doctor's opinion was accepted as true, should not find that the tuberculosis coöperated with or contributed to Mrs. Milliren's death. There were no reversible errors in the exclusion or admission of testimony.

The order is affirmed.