## CECIL M. MILLIREN v. FEDERAL LIFE INSURANCE COMPANY.[1]

May 6, 1932.

No. 28,857.

[1]Reported in 242 N. W. 546.

116

*Doherty, Rumble, Bunn & Butler, Edgar G. Vaughan,* and *Robert L. Palmer,* for appellant.

*George P. Gurley,* for respondent.

HILTON, J.

Defendant appeals from an order denying its motion for a new trial.

This is an action, tried in Pipestone county, upon an accident insurance policy issued by defendant to the wife of plaintiff, payable to him in case of her death "resulting directly and independently from personal bodily injury sustained while this policy is in force and effected directly and independently of all other causes, by the happening of a purely accidental event." The parties to this action and the pertinent facts herein are in all essentials the same as those in Milliren v. Federal L. Ins. Co. tried in Cottonwood county (185 Minn. 614, 242 N. W. 290) and need not be recited. The policy in the instant case was issued pursuant to an application; that in the other case was issued without an application. The arguments presented here are based upon alleged errors in three rulings on the admission and rejection of testimony; claimed error in the charge of the court; and the denial of a motion for a new trial on the ground of newly discovered evidence.

As to the first of the three rulings, it is sufficient to say that the facts attempted to be proved by the evidence excluded were afterwards proved by evidence unobjected to. Error in admitting or excluding evidence of a fact otherwise satisfactorily proved by admissible evidence or inadmissible evidence unobjected to is no ground for a new trial. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7184, and cases cited.

As to the second ruling, the court overruled an objection that certain proffered evidence was incompetent, irrelevant, and immaterial, no sufficient foundation laid, calling for matters that invade the province of the jury, and calling for matters not in evidence. An issue in the case was as to the cause of death. The physician witness had been present in court and had heard all of the prior testimony; the prior and preliminary questions called this to his attention; he had been asked to assume the same as true; he had testified in detail as to his own observations of the case between the time that he first saw the patient and the time of her death seven days afterwards. His opinion as an expert was properly received. 2 Dunnell, Minn. Dig. (2 ed.) § 3339. There was no invasion of the province of the jury. State v. Cox, 172 Minn. 226, 215 N. W. 189; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 3326, 3327.

As to the third ruling, one of the medical witnesses for plaintiff on cross-examination testified that he had examined Mrs. Milliren for another insurance company in May or June, 1928. (The policy here involved was issued January 27, 1927.) This examination was for determination as to her disability claim. The witness was asked if he did not then state to that company that she had chronic tuberculosis. It appeared that the report made was in writing. The court properly sustained the objection to the question. The attempted impeaching evidence was contained in a writing of the witness and should have been produced and shown to him. 6 Dunnell, Minn. Dig. (2 ed.) § 10351b. See rulings considered in former opinion. It is further to be noted that the jury could, and evidently did, find that deceased never did have tuberculosis.

■ The assignment as to error in the court's charge is entirely without merit. A single brief statement in the charge is singled out for criticism. The charge must be construed as a whole. So construed we think it fully and fairly submitted all the issues involved. No exceptions were taken to it. 5 Dunnell, Minn. Dig. (2 ed.) § 7165, and cases cited.

■ We now come to the question of newly discovered evidence. The granting or denying of such a motion rests largely in the discretion of the trial court. It is only when the newly discovered evi-

dence is such as will likely change the result and remedy a manifest injustice that a new trial should be granted. Kuske v. Jevne, 178 Minn. 296, 226 N. W. 938.

The claimed newly discovered evidence was that the insured had by applications made in April and August, 1928, received disability allowances under a life insurance policy with another company, which allowances began as of February 15, 1927, and continued until her death. The applications for disability allowances gave "flu" as the cause of disability. The claim of defendant was that assured had tuberculosis and "flu" at the time the application for the policy sued upon was made and that a fraud was perpetrated upon it, she not being in good health at that time. The evidence was ample to justify the jury in finding that deceased never had tuberculosis and that the "flu" attack was after the application for the policy here involved and its issuance.

The affidavit of one of the attorneys for defendant recited that the fact of payment of disability benefits was discovered by attorneys of defendant one day prior to the commencement of the trial. No attempt was made to secure a continuance of the trial. There was no sufficient showing that the evidence could not have been discovered before trial by the exercise of reasonable diligence and no showing that it was not known to defendant itself. It does not appear that the newly discovered evidence was of such a character as would probably produce a different result. In that situation the court exercised a proper discretion. 5 Dunnell, Minn. Dig. (2 ed.) §§ 7127, 7128, 7131; Kuske v. Jevne, 178 Minn. 296, 226 N. W. 938.

The court in its memorandum stated in effect that the evidence alleged to have been newly discovered would have been material and properly admissible, but that it was not of such a nature as to be conclusive and to require a verdict for defendant. The court further stated that if it was offered and received on a new trial the court could not take the case from the jury if the other evidence remained the same; that the applications for disability benefits would be an admission against interest and subject to explanation; that the two applications for disability allowances were made

quite a long time after the policy here was written and that the two applications do not agree as to the time the alleged disability arose; that there was a large mass of trustworthy evidence showing that in the month of January, when this policy was written, her health was good; that her subsequent ill health dated from an attack of "flu" in February, 1927.

We find no ground for reversal, and the order is affirmed.