## FRANK W. KUBAT v. W. J. ZIKA AND ANOTHER.[1]

February 23, 1935.

No. 30,260.

*John H. Lebens* and *George T. Havel,* for appellant.

*Charles C. Kolars,* for respondent.

HOLT, JUSTICE.

Plaintiff appeals from the order denying a new trial.

The suit was brought on a promissory note made by respondent and his son. Before trial the son died, and the action was aban-

[1]Reported in 259 N. W. 1.

doned as to him. Respondent set up a counterclaim for merchandise and money furnished plaintiff amounting to $4,997.09 upon which he credited plaintiff with $1,600 rent, $345 on the note in suit, and $800 for services rendered by plaintiff for respondent. The reply contained a general denial, and as to the counterclaim averred that if any money or merchandise was furnished plaintiff the same was furnished as and for services rendered and performed for respondent. The case was tried to the court and findings were made to the effect that respondent was liable upon the promissory note upon which suit was brought; that between January 1, 1926, and October 1, 1930, plaintiff withdrew funds and merchandise from respondent's business to the amount of $2,864.76, and during the same time plaintiff performed services for respondent of the reasonable value of $800, for which he had been paid only $505, and the balance of $295, together with $240 rent due plaintiff from respondent's son, and the promissory note sued on with interest in the amount of $415, in all $950, should be credited, leaving a balance of $1,914.76 due respondent from plaintiff, for which judgment was ordered. Plaintiff moved for amended findings or a new trial.

No assignment of error is directed to rulings on the admission or exclusion of evidence. The findings made are attacked as not supported, and amended findings requested are said to be compelled by the record. In addition to the determinative findings above summarized upon the vital issues tried, this finding of no special importance is also assailed as not supported:

"That defendant, W. J. Zika, had no knowledge of the employment or payments or other transactions hereinabove set forth until about October 1, 1930, and that said employment and said payments and withdrawals were made and had without the express authority, consent or knowledge of said defendant."

This finding is immaterial in the sense that the court, notwithstanding respondent's want of knowledge, held him bound by what his son did as manager of respondent's business at Montgomery. Aside from that, the evidence sustains the finding. Respondent resided at Le Center, where he had a public garage and automobile

business. In 1921 he started a like business at Montgomery with his son, Joseph E. Zika, in charge. The record does not disclose whether respondent understood account books even if he did look at them on visits at Montgomery. As is usual where a father intrusts his business to a son, he takes his word for what is done more readily than if one less close to him were in charge. The son's death precluded plaintiff from showing the arrangement in respect to the transactions had between the son and plaintiff. They were friendly. The son rented a house of plaintiff. A balance due on the rent of $240, respondent consented that plaintiff should have credit for. Respondent also admitted that plaintiff was employed as a salesman one year when the Ford agency, handled at the garage, so required. But he denies that he was aware of the arrangement under which he worked or that he was employed on a salary. In meeting the counterclaim the reply makes no specific allegation as to the time plaintiff worked for respondent or that it was for a stated salary, or commission, or on the basis of reasonable value. No proof was offered of the reasonable value of the services. The court's finding as to that is undoubtedly predicated upon respondent's admission in the answer. Certain account books, charge slips, and check stubs are in evidence, but it is not possible therefrom to infer that any agreement existed under which plaintiff was to receive a monthly salary of $75. In this situation of the record we see no way in which the court would have been justified, much less compelled, to amend the findings as requested.

The motion for a new trial was also based upon alleged newly discovered evidence, and error is here assigned upon its denial. To grant a new trial on this ground is within the discretion of the trial court, to be cautiously and sparingly exercised and only in furtherance of substantial justice. 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7123. The evidence which plaintiff proposes to adduce is to come from one Vanasek, who was employed by respondent as bookkeeper during the time here involved. Plaintiff cannot claim this is newly discovered. Both plaintiff and his attorney knew that Vanasek was in respondent's employ and that he might be able to testify as to the issues for trial. No request for a con-

tinuance because of inability to secure his attendance was made before or at the trial. Furthermore, Vanasek, in the affidavit purporting to set forth what he can testify to, does not profess to state that he knows that plaintiff was working at an agreed salary of $75 per month, or at any salary at all. And that is the only theory upon which plaintiff could hope to reduce the counterclaim more than reduced by the findings of the court.

The order is affirmed.