## GLADYS MEREK v. S. J. GROVES & SONS COMPANY AND ANOTHER.[1]

July 2, 1937.

No. 31,265.

Frederick P. Warber and Robert H. Petzke, for appellant.

Cobb, Hoke, Benson, Krause & Faegre, Paul J. McGough, and Wright W. Brooks, for respondents.

PETERSON, JUSTICE.

Appeal by plaintiff, a minor child, suing by her father as her natural guardian, from an order denying her motion for a new trial

[1]Reported in 274 N. W. 402.

on the ground of newly discovered evidence after a verdict in favor of defendants.

Plaintiff sued to recover damages for personal injuries caused by being struck by an automobile owned by defendant corporation and driven by its servant, defendant Brown. The accident occurred at noon on March 28, 1935, while plaintiff was crossing East Hennepin avenue, which runs east and west, at the intersection of Johnson street, which runs north and south, in the city of Minneapolis. Plaintiff was alone at the time, on her way home from school. She started across East Hennepin avenue from the south side to the north side at a point at or near the west line of Johnson street. Her claim is that the "red" or stop signal on the stop-and-go sign in the center of the intersection showed stop for traffic on East Hennepin avenue. Defendant Brown was driving west on East Hennepin avenue and struck plaintiff with his automobile after he crossed Johnson street about 39 feet west of the westerly sidewalk line. Plaintiff's contention is that while she was crossing East Hennepin avenue, with the go sign in her favor, defendant negligently drove through the stop sign and hit her when she had almost crossed the street. Defendants claim that Brown actually stopped at the east side of Johnson street for the stop signal, then proceeded slowly across Johnson street, increasing the speed to 15 or 20 miles per hour when suddenly Brown saw plaintiff running across the street in a northwesterly direction. Brown testified that he first saw the plaintiff when she was in the middle of the street, that he was then driving along the right-hand streetcar tracks, and that plaintiff was running, headed across the path of his car. In an effort to avoid hitting her, he turned his car into the curb. He struck her in spite of his efforts to avoid doing so. Defendants also claim that a panel truck proceeded east on East Hennepin avenue just as Brown crossed Johnson street and that it obstructed his view of plaintiff until she was out in the middle of the street.

After verdict, plaintiff moved for a new trial upon the ground of newly discovered evidence, consisting of evidence of one Capra, who was not a witness at the trial. His affidavit is that, if pro-

duced as a witness, he would testify that he was an eyewitness to the accident.

The newly discovered evidence of Capra contradicts Brown's testimony and is to the effect that Brown did not stop as he claimed, but rather that he increased his speed to "beat" the stop signal; that he failed to "beat" the signal and went through it at a high rate of speed; that there was no eastbound truck or automobile on East Hennepin avenue as claimed by Brown; that plaintiff was in front of Brown's automobile when she started to run, crossing the street with the "go" signal on Johnson street, and that she did not run in a northwesterly direction diagonally across East Hennepin avenue in front of Brown's car as claimed by him. Capra's testimony also contradicts plaintiff's in that he says that she was with other children at the time of the accident and was not alone, as she testified. He was produced six days after the verdict although he formerly boarded with people who live across the alley from the plaintiff and was known to a woman who ran a store at the corner where the accident happened, which fact was known to plaintiff's mother. The witness worked in a near-by factory and, at the time he was produced, lived six blocks from plaintiff's home.

The newly discovered evidence of Capra is contradictory and impeaching of defendants' and cumulative to plaintiff's evidence. A new trial is granted upon the ground of newly discovered evidence to remedy manifest injustice. It is the policy of the law to require parties to produce all their evidence at the trial. Newly discovered evidence which merely contradicts and impeaches evidence adduced at the trial is no ground for a new trial, except in extraordinary cases. The same is true if the newly discovered evidence is merely cumulative. In addition, such newly discovered evidence should be such as to be likely to change the result if a new trial were granted. Lampsen v. Brander, 28 Minn. 526, 11 N. W. 94; Peck v. Small, 35 Minn. 465, 29 N. W. 69; Hoye v. C. M. & St. P. Ry. Co. 46 Minn. 269, 48 N. W. 1117; George A. Hormel & Co. v. Minneapolis St. Ry. Co. 130 Minn. 469, 153 N. W. 867; Usher v. Eckhardt, 176 Minn. 210, 222 N. W. 924; LeVeaux v. Holt Motor Co. 181 Minn. 355, 232 N. W. 622; Donaldson v. Carstensen, 188 Minn. 443, 247

N. W. 522; Clark v. Banner Grain Co. 195 Minn. 44, 261 N. W. 596. A motion for new trial upon the ground of newly discovered evidence is addressed to the discretion of the trial judge. On appeal the question is not whether the trial court might properly have granted a new trial, but whether the refusal is a denial of legal right and a manifest abuse of judicial discretion. Newly discovered evidence is to be considered with the evidence received upon the trial. It is the function of the trial court to determine whether such newly discovered evidence would be liable to affect the result of another trial. The evidence of Capra might increase the weight of plaintiff's evidence, but there is nothing about it which is determinative. It would still leave the case in doubt. The trial court did not abuse its discretion in denying the motion. Bunker v. United Order of Foresters, 97 Minn. 361, 107 N. W. 392; Greenhut Cloak Co. v. Oreck, 130 Minn. 304, 153 N. W. 613; Upton v. Merriman, 116 Minn. 358, 133 N. W. 977, Ann. Cas. 1913B, 491; Puustinen v. Saari, 156 Minn. 501, 194 N. W. 627; State v. French, 168 Minn. 341, 210 N. W. 45; Kuske v. Jevne, 178 Minn. 296, 226 N. W. 938; Milliren v. Federal L. Ins. Co. 186 Minn. 115, 242 N. W. 546; Kubat v. Zika, 193 Minn. 522, 259 N. W. 1.

Although the point has been urged, we do not decide whether the father's lack of diligence, if any, in not discovering the evidence of Capra prior to the trial, is imputable to plaintiff, who is a minor. It is not necessary to our decision to do so. We reserve decision on that point. The question is not free from doubt. See In re Hoghton, L. R. 18 Eq. 573; Brij Raj v. Ram Sarup (1926) 48 Indian Law Rep. (Allahabad Series) 44; Simpson, Infants (4 ed.) 293; Eversley, Domestic Relations (4 ed.) 867.

The order is affirmed.