## LOUIS SKOG v. M. POMUSH, d. b. a. MOOSE LAKE SHOE & CLOTHING COMPANY.[1]

February 16, 1945.

No. 33,905.

*Leslie S. High,* for appellant.
*L. H. Blacklock,* for respondent.

YOUNGDAHL, JUSTICE.

Defendant brought suit against plaintiff for $20.25 claimed to be

[1]Reported in 17 N. W. (2d) 641.

due him for merchandise sold plaintiff on August 29, 1938, at Moose Lake, where defendant operated a general merchandise business. Simultaneously with the commencement of the main action, garnishment process was instituted. The garnishment was dismissed by the court on motion of plaintiff herein (defendant in said action) on the ground that the summons in the main action had not been issued at the time the affidavit of garnishment was filed. The main action was tried to a jury in municipal court in Duluth and a verdict returned for defendant (plaintiff herein). Plaintiff then brought the present action against defendant in district court, asking damages for alleged malicious prosecution and abuse of process. The jury returned a verdict for defendant, and plaintiff appeals from an order denying his motion for a new trial. The sole question raised on the appeal is whether the court erred in denying the motion for a new trial on the ground of newly discovered evidence.

In the instant case, the issue whether the merchandise was purchased by plaintiff was strenuously contested. Plaintiff vigorously contended that defendant's claim was false. Defendant just as vehemently asserted the correctness of the claim and produced handwriting experts who testified to the authenticity of plaintiff's signature in defendant's book of accounts. Defendant's system of keeping a record of accounts was crude and elementary. He was unable to write English. His record consisted of a small order book in which the accounts were written, some in English and some in Jewish. He would sometimes make a record of the sales in Jewish on memo slips and later dictate the information therein to members of his family or others, who would write the data in English in the record book. At the municipal court trial, defendant produced a page from this record book on which the purported account of plaintiff was written. In that trial, the book itself was not produced, but it was received in evidence in the present case. The book contained a record of sales made only during the year 1938, the figures "1938" being written on the front cover of the book and on many of its pages. In preparation for the motion for

a new trial, plaintiff interviewed a number of individuals whose names appeared in the book as having purchased merchandise during 1938, and secured affidavits from them that they had not made such purchases. These affidavits were made the basis of the motion for a new trial on the ground of newly discovered evidence. They were met by counter affidavits of defendant wherein it appeared, at least as to some of the parties, that plaintiff had interviewed the wrong individuals. Aside from this, however, the evidence was merely cumulative and impeaching in its character. It attacked defendant's credibility and tended to discredit his claim that the merchandise had been sold. This issue was fully litigated at the trial, and there was submitted to the jury the issue of whether plaintiff or defendant was telling the truth as to the sale of the merchandise. The showing made by plaintiff, therefore, was not sufficient to warrant a new trial on the ground of newly discovered evidence. Newly discovered evidence which merely contradicts and impeaches evidence adduced at the trial is no ground for a new trial except in extraordinary cases. The same rule applies to evidence which is merely cumulative. Merek v. S. J. Groves & Sons Co. 200 Minn. 418, 420, 274 N. W. 402, 403, where this court stated:

"* * * A new trial is granted upon the ground of newly discovered evidence to remedy manifest injustice. It is the policy of the law to require parties to produce all their evidence at the trial."

There is no merit to plaintiff's contention that the trial court gave no judicial consideration to the motion for a new trial. That the court considered the matter and exercised its discretion is indicated by the following statement from the memorandum attached to its order denying a motion to amend the order denying a new trial:

"* * * The plaintiff, by his attorney, submits affidavits which tend to impeach the defendant and his witnesses, affidavits which affect the credibility of the defendant. The credibility of the de-

fendant was an issue in the trial before the jury, plaintiff contending that defendant's account book was not made in the year 1938. The affidavits submitted by the plaintiff are not, in fact, so much new evidence as more evidence or cumulative evidence affecting the defendant's credibility."

A motion for a new trial upon the ground of newly discovered evidence is addressed to the sound discretion of the trial court. On appeal, we cannot be concerned with the question whether the trial court might properly have granted a new trial, but whether the refusal is a denial of a legal right or a manifest abuse of discretion. Merek v. S. J. Groves & Sons Co. 200 Minn. 418, 274 N. W. 402, *supra*.

The lower court clearly did not abuse its discretion in denying plaintiff's motion for a new trial.

Affirmed.